## J. P. SMITH v. THE TRADERS NATIONAL BANK.

### No. 2824.

1. **Practice**—Before the trial of a cause the defendant admitted on the record that "the defendant had a good cause of action as set forth in the petition, except in so far as it might be defeated in whole or in part by the facts of the answer constituting a good defense, which might be established on the trial." *Held:*

1. The admission must be construed to mean that the defendant admitted every fact alleged in the petition which it was necessary for the plaintiff to establish in the first instance to enable him to recover, but did not admit allegations in the petition which merely denied new matter alleged in the answer, the burden of the proof of which was upon the defendant.

2. Under such an admission of record the plaintiff can not deny the defendant the right to open and conclude upon his affirmative defense by simply amending the petition, and alleging the contrary of the defenses set up in the answer in confession and avoidance.

2. Case Reviewed.—Alstin v. Cundiff, 52 Texas, 453, discussed.

3. Failure of Consideration.—See opinion for facts which were held to constitute a good defense showing failure of consideration for a promissory note.

Appeal from Tarrant. Tried below before Hon. R. J. Boyken, Special District Judge.

The opinion states the case.

*A. M. Carter*, for appellant.— 1. The court's charge was in effect to find for plaintiff, and did withdraw from the jury all defenses.

2. Defendant did introduce evidence of the matters pleaded by him. Rules 31, 34, 47 Texas, 623; Graham v. Gautier, 21 Texas, 112; Alstin v. Cundiff, 52 Texas, 460; Ney v. Rothe, 61 Texas, 375; Paxton et al. v. Meyer, 67 Texas, 97; 1 Thomp. on Trials, secs. 231, 228; Kimble v. Adair, 2 Black, 320; Bowen v. Spears, 20 Ind., 146; Harvey v. Ellithrope, 26 Ill., 318; Tipton v. Triplett, 1 Metc., 570; Ayrault v. Chamberlain, 33 Barb., 229; Huntington v. Conkey, Id., 218; Hoxie v. Greene, 37 How. Pr., 97; McShane v. Bradsner, 66 How. Pr., 294; Hudson v. Weatherington, 79 N. C., 3; Blacklidge v. Pine, 28 Ind., 466; Judah v. Trustees, 23 Ind., 272; Shank v. Fleming, 9 Ind., 189; Millered v. Thorn, 56 N. Y., 402.

3. The averment in plaintiff's amended original petition, "that afterwards, to-wit, on the 21st day of July, 1884, said Texas Investment Company, Limited, by its president, in due course of trade and for a valuable consideration by plaintiff then paid to said Texas Investment Company, Limited, transferred and delivered said note to plaintiff, and plaintiff on, to-wit, the date aforesaid became the bona fide owner and holder of said note before its maturity without notice of any defense thereto, and still is the legal owner and holder thereof," were unessential allegations, not necessary to be proven, and were not by the admission made by defendant established. Millerd v. Thorn, 56 N. Y., 402.

4. The answer of Smith was a complete defense. Wade on Notice, sec. 94b; Dan. Neg. Inst., secs. 792–94; Small v. Smith, 1 Denio, 583; Big. on Bills, note, p. 456; Loring v. Brodie, 3 Am. and Eng. Corp. Cases, p. 277, note p. 294.

5. The fact that W. J. Boaz was president and H. C. Edrington cashier of the plaintiff's bank, and both acting together in taking Smith's note for said bank, would be notice to the bank of all the facts within Boaz's knowledge.

6. The law and equity would apply the proceeds of all the notes made under said agreement of July 18, 1889, to repay the Traders National

Bank for only such money as it advanced to fill the cattle contracts. Sayles' Civ. Stats., art. 1314, notes 5, 7; Brandt on Sure., secs. 191, 291, 468; Woodbury v. Bowman, 14 Me., 154.

No brief for appellee has reached the Reporter.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by appellee against appellant to recover upon a promissory note executed by the latter payable to the order of the Texas Investment Company, Limited, a private corporation, and transferred by the payee to the appellee.

The defendant in the court below pleaded a general denial, and also specially answered alleging a failure of consideration and that the plaintiff received the transfer of the note with notice of his defense. It was averred in the special answer that at the time of the execution of the note the Texas Investment Company, Limited, was upon the verge of a failure, and that in order to maintain its credit and standing it was agreed among the stockholders that each should execute to the company his promissory note for an amount equal to the amount of stock held by him in the company, except such as held the obligations of the company, and that such stockholders should release to the corporation an amount of their credits equal to the amount of their respective shares. The agreement was alleged to be in writing, and the following was set out as a copy thereof: ·

"FORT WORTH, TEXAS, July 18, 1884.

"We, the undersigned, shareholders of the Texas Investment Company, Limited, feeling the importance of maintaining the credit of said company, and realizing its present financial condition, agree to donate to the company promissory notes, due in twelve months from date, for the same amount as we now hold shares in said company; provided, that shareholders now holding the paper of the company will surrender as much paper as they hold shares in the company.

"Signed: A. M. Britton, 40 shares; W. A. Huffman, 25 shares; J. P. Smith, $5000; J. D. Reed, $5000; Fore, Morphy & Henderson, 200 shares; Sidney Martin, 25 shares; W. J. Boaz, 25 shares; J. H. Brown, 25 shares.

"New stock: W. R. Beckwith, $1000; W. L. Malone, $1000; D. Boaz, $1000; Thomas O. Vogel, $1000."

It was also alleged that the note sued upon was executed in pursuance of this agreement; that some of the stockholders failed to execute their notes as promised, and that Fore, Morphy & Henderson, who were stockholders and held the obligations of the company, refused to release such obligations to the amount of the stock held by them. It was also specially averred that it was agreed with the company that the notes executed in pursuance of the written agreement above set forth were to be used by the company in carrying out certain contracts for the delivery of cattle

upon which the defendant and others were its sureties; that the note in suit was not so used, but that it was transferred to the plaintiff to secure a previously existing indebtedness to it, and that the company had made default upon the cattle contracts, and that in consequence thereof the defendant had been compelled to pay as its surety thereon sums of money largely in excess of the amount of the note. It was also averred in defense that the plaintiff had received the note sued upon in connection with others as collateral to secure the payment of a note held by it against the investment company, and that it had collected a sufficient sum of money from the other collaterals to discharge the indebtedness.

The plaintiff did not reply to this answer by supplemental petition, but filed an amended original petition, in which it averred that it became the owner of the note sued upon by endorsement and delivery before maturity, for a valuable consideration and without notice of any defense thereto. The plaintiff filed demurrers to so much of the answer as alleged a failure of consideration, which were overruled.

Such being the state of the pleadings, the parties announced ready for trial, and the defendant admitted on the record "that the plaintiff had a good cause of action as set forth in the petition, except in so far as it might be defeated in whole or in part by the facts of the answer constituting a good defense, which might be established on the trial," and claimed the right to open and conclude upon the issues presented by his special answer. The right was conceded by the court; but when the defendant offered evidence to prove the failure of consideration alleged in the answer, this was objected to by counsel for the plaintiff upon the ground that the admission entered of record by the defendant conceded the truth of the allegation in the amended petition to the effect that plaintiff became the owner of the note before maturity without notice of any defense, and that therefore the evidence was irrelevant. The objection was overruled by the court and the evidence admitted. Upon the conclusion of the evidence counsel for defendant made the opening argument to the court and jury upon the law and facts of the case. Counsel for the plaintiff then addressed the court, insisting that the defendant had admitted that the plaintiff was a bona fide holder of the note for a valuable consideration, and hence could not urge the defense of a failure of consideration; that there was no evidence to support his other defense, and that therefore the court should instruct the jury to find for the plaintiff. The court accordingly so instructed the jury, and a verdict was returned for the plaintiff. The assignments of error raise the question of the correctness of the court's action in so instructing the jury.

We think the court below erred in his conclusion as to the scope and effect of the admission. It is a general rule of the common law that a party who has the affirmative of the issue has the right to open and conclude. The admission in this case is in the language of rule 31 of Rules

of Practice for the District Courts. The manifest purpose of this rule was to secure to a defendant the right to open and conclude when upon: the real issues in the case the burden of proof rests upon him; that is' to say, when his defense is in the nature of a confession and avoidance of the plaintiff's action, he is permitted to admit the prima facie case of the plaintiff although it is denied by his pleadings, and to open the case by introducing evidence to establish the affirmative defense he has set up. The rule is intended to secure a valuable right and is just, and it .should have a reasonable and practicable application. To construe it so as to accomplish in a reasonable and practical manner its object, an ad-' mission made in the very language of the rule must be construed to mean that the defendant admits every fact alleged in the petition which it is necessary for the plaintiff to establish in the first instance to enable him to recover, but does not admit allegations in the petition which merely deny new matter alleged in the answer, the burden of the proof of which is upon the defendant. Any other construction would enable the plaint-iff to deny the defendant the right to open and conclude upon his affirm-ative defense by simply amending the petition, as was done in this case, and alleging the contrary of the defenses set up in the answer.

The answer in this case set up a defense in confession and avoidance. of the action. 1 Chitty's Pleading, p. 515. The plaintiff was not bound to allege in its petition that it became the holder of the note for a valu-able consideration without notice. It was incumbent upon the defend-ant in order to make his defense to show the contrary. He was bound to allege and prove the want of consideration and that the plaintiff had notice when it became the holder of the note. In admitting the plaint-iff's cause of action, "except in so far as it might be defeated by the facts of the answer," etc., he does not purport to admit the allegations of the petition, but merely to admit that the plaintiff has a prima facie case, and expressly declines to admit any fact inconsistent with the new matter alleged in his answer.

We think that there was evidence before the jury tending to establish the defense, and that the court should have submitted the question to the jury. It is insisted for appellee that the defense was not proved. But it is not our province to weigh the testimony. It is sufficient for us to know that there was evidence tending to establish the truth of the answer.

In support of the ruling of the court upon the effect of defendant's admission we are cited to the case of Alstin v. Cundiff, 52 Texas, 453, in which it is said in effect that if a defendant desires to admit that the plaintiff has a prima facie case, but is not willing to admit all the alle-gations in the petition, his admission should be special and not in the general language of the rule. The proposition was not necessary to the decision of that case; but even admitting it to be correct, the plaintiff is

not in a position to invoke it in this proceeding.   The bill of exceptions shows that the defendant did offer to make a special admission and that the plaintiff's counsel objected, and insisted that if defendant desired to open and conclude his admission should be in the very terms of the rule, and that the court sustained the objection.

We think the plea of failure of consideration set up a good defense to the action, that there was some evidence to sustain it, and that notwithstanding the admission the court should have submitted the question to the jury.   The other questions presented in the record are not likely to arise upon another trial and need not be considered.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 18, 1889.