## SWEARINGEN v. HIDALGO COUNTY DRAINAGE DIST. NO. 1.

(Court of Civil Appeals of Texas. Galveston. Dec. 19, 1911.)

DRAINS (§ 18*)—DRAINAGE DISTRICT—EMPLOYMENT OF COUNSEL—STATUTES.

Acts 30th Leg. c. 40, § 43, *providing that* all contracts with drainage commissioners shall be in writing, does not apply to a contract with an attorney for legal services which is governed

by section 51, authorizing the commissioners to employ counsel on terms approved by the county judge, and an oral contract for legal services is enforceable.

[Ed. Note.—For other cases, see Drains, Cent. Dig. §§ 11, 13; Dec. Dig. § 18.*]

Appeal from District Court, Hidalgo County; W. B. Hopkins, Judge.

Action by R. J. Swearingen against the Hidalgo County Drainage District No. 1. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

B. B. Creager, for appellant. John C. Scott, for appellee.

PLEASANTS, C. J. This suit was brought by appellant, an attorney at law, against appellee to recover the amount due upon a contract for professional services. The petition declared upon a verbal contract, and the trial court sustained exceptions to the petition on the ground that a contract for professional services made by an attorney with a drainage district organized under the statutes of this state (Acts of 30th Legislature, p. 91) is required to be in writing, and must be approved in writing by the county judge. The plaintiff declined to amend, and his suit was dismissed.

The questions presented by this appeal have been recently decided by the Court of Appeals for the Fourth District in the case of Matagorda County Drainage District v. Gaines & Corbett, 140 S. W. 370. We agree with the decision in the case cited that section 51 of the act before referred to cannot be construed as requiring contracts of this kind to be in writing, or requiring that there shall be a written approval of such contract by the county judge of the county in which the drainage district is situated. We think it clear, as held by the court in the case cited, that section 43 of the act requiring all contracts made by the drainage commissioners to be in writing has no application to a contract for the professional services of an attorney, which is provided for in section 51. The terms and provisions of section 43 and those sections immediately preceding and following it exclude the idea that' said section was intended to apply to contracts made with an attorney for professional services. It may be, as contended by appellee's counsel, that sound public policy dictates that contracts of this kind should be made in writing, but the Legislature has not seen fit to so provide, and the courts cannot supply such legislation.

It follows from these conclusions that the trial court erred in sustaining the exceptions to the petition on the grounds stated, and that the judgment should be reversed and the cause remanded, and it has been so ordered.

Reversed and remanded.