HOUSTON & T. C. R. CO. v. MONTGOMERY. (No. 5580.)

(Court of Civil Appeals of Texas. Austin. Feb. 9, 1916. Rehearing Denied April 19, 1916.)

1. TRIAL ⬤═25(7) — RIGHT TO OPEN AND CLOSE—STATUTE.

Under Rev. St. 1911, art. 1953, giving the party having the burden of proof on the whole case the right to open and close, and district court rule No. 31 (142 S. W. xx), giving the plaintiff the right to open and close, unless the burden of proof of the whole case rests on the defendant, and providing that, if defendant admits that plaintiff has a good cause of action except as it may be defeated by the facts set up by the answer, the defendant shall have the right to open and close, plaintiff, in a suit upon an itemized account wherein defendant before trial filed a written acknowledgment of the correctness of the cause of action, except as to three items, had the right to open and close.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 50, 60–75; Dec. Dig. ⬤═25(7).]

2. APPEAL AND ERROR ⬤═1046(3)—HARMLESS ERROR—RIGHT TO OPEN AND CLOSE.

Any error in allowing a defendant to open and close was ground for reversal; as the right to open and close is a valuable right.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4130; Dec. Dig. ⬤═1046(3).]

Appeal from District Court, Robertson County; J. C. Scott, Judge.

Action by the Houston & Texas Central Railroad Company against W. T. Montgomery, with plea in reconvention. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood, of Houston, Perry & Woods, of Franklin, and Stribling & Stribling, of Waco, for appellant. Lane, Johnson & Killough, of Hearne, and S. S. Searcy, of San Antonio, for appellee.

JENKINS, J. Appellant brought suit against appellee upon an itemized account, amounting in the aggregate to $1,163.75. The appellee in his answer admitted the correctness of said account, except as to the following items: Two guard rails, $18; eight kegs of track spikes, $32; 15 per cent. on freight and handling of above (including the entire account), $152.10. As to these items appellee alleged that the charge of $18 for two guard rails is incorrect, the actual value thereof being $3.29; that the charge of $32 for eight kegs of track spikes is incorrect, the amount due thereon being for only one keg, in the sum of $4; that the amount of 15 per cent. on freight should be correspondingly reduced; and that the amount that he actually owed on said account was $1,125.14, instead of $1,163.75, as alleged by appellant. Appellee also pleaded in reconvention for both actual and exemplary damages for the wrongful suing out and levying of an attachment on 1,600 feet of track material, and on a steam shovel. The amount of actual damages claimed for the alleged wrongful suing out and levying of the attachment was $2,900, and the exemplary damages claimed was $10,000. The jury found no exemplary damages, but found as actual damages the sum of $1,420. The case was submitted upon special issues, among which were the following:

"No. 1. Is the defendant, W. T. Montgomery, indebted to the plaintiff, Houston & Texas Central Railroad Company, in the sum of $18 for two guard rails, as specified in the account sued on? If not, what amount is the defendant indebted to plaintiff on account of guard rails? Answer: $3.29.

"No. 2. Is defendant, W. T. Montgomery, indebted to plaintiff Houston & Texas Central Railroad Company for the sum of $32 for eight kegs of track spikes, as specified in plaintiff's petition sued on? If not, in what amount is defendant indebted to plaintiff for said track spikes? Answer: $11.15.

"No. 3. Is the defendant, W. T. Montgomery, indebted to plaintiff, Houston & Texas Central Railroad Company, for 15 per cent. on the sum of $1,162.75, or for 15 per cent. on the sum of $1,125.14? Answer: $1,125.14."

[1] Appellee before the beginning of the trial filed a written statement, wherein he acknowledged the correctness of appellant's cause of action, except as to the three items above referred to, and moved the court that he be allowed to open and conclude in the introduction of testimony and in the argument of the case, which motion was granted by the court; the appellant duly excepting thereto. After the introduction of the testimony, before the argument began, appellant filed the following motion:

"Now comes the plaintiff, and before the argument of the case begins, and requests the court to allow plaintiff the right to the opening and concluding argument in this case, and says that it is entitled to the same under the pleading and evidence in this cause, and it has not in any way waived the same, and the defendant is not, under his admission, entitled to make the opening and concluding argument."

This motion was overruled, to which the appellant excepted, and the appellee was permitted to open and conclude the argument.

We sustain the appellant's assignments in reference to the foregoing action of the court. Rev. St. 1911, art. 1953; District Court Rule No. 31 (142 S. W. xx); Meade v. Logan, 110 S. W. 189; Harris v. Pinckney, 55 S. W. 39; Smith v. Bank, 74 Tex. 545, 12 S. W. 221; Luckenbach v. Thomas, 166 S. W. 105; Berry Bros. v. Fairbanks, 51 Tex. Civ. App. 558, 112 S. W. 429; Cockrell v. Ellison, 137 S. W. 150; Sanders v. Bridges, 67 Tex. 93, 2 S. W. 663. In Luckenbach v. Thomas, supra, the court said:

"If there be one affirmative fact important to a recovery by plaintiffs not admitted by defendant, plaintiff has the right to open and conclude."

In Harris v. Pinckney, supra, the court said:

"The defendant admitted one item of charge in the suit, of $32.20, but not the other item, of $165.20. Clearly the court erred. It was

plaintiff's right to open and close the trial; defendant not admitting the entire demand of plaintiff."

These excerpts apply in the instant case to the items with reference to guard rails, track spikes, and freight, which were not admitted, but denied.

[2] "The right to open and close in the trial of a cause is a valuable right, and it is reversible error to wrongfully deprive one of its exercise." Meade v. Logan, supra. We think this observation applies with full force in the instant case.

For the error committed by the court in refusing to allow appellant to open and conclude the argument, this case is reversed and remanded.

Reversed and remanded.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.