**COMPTON v. SKEETERS et al.  (No. 927.)**

(Court of Civil Appeals of Texas. Beaumont. March 23, 1923.)

**1. Gifts ⬤50—Claim of parol gift to child a jury question under the evidence.**

In partition proceedings, where defendant claimed the whole of decedent's estate by virtue of an alleged parol gift from her parents, and in the alternative that she was entitled to receive compensation for services in caring for them and managing their affairs, evidence *held* to make the issues a question for the jury.

**2. Witnesses ⬤159(1)—Heir claiming estate by parol gift incompetent to testify as to transactions or conversations with deceased.**

In an action for partition, where one daughter claimed the entire estate as a parol gift, such child was incompetent under Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, to testify against the other heirs as to any transaction with or statement by the intestate, unless she had been called to testify by the adverse party.

**3. Trial ⬤350(3)—Not error to submit special issue where conflicting evidence presents jury question.**

In partition proceedings, where defendant, a daughter of deceased, claimed the entire estate by parol gift, and the evidence was conflicting as to the amount of money left by decedent at the time of his death in the possession of defendant, a question for the jury was presented, and it was not error to submit a special issue thereon.

**4. Judgment ⬤199(1) — Judgment notwithstanding verdict may not be rendered where special issues are submitted.**

When a case is tried on special issues, the court must render judgment on the verdict of the jury, and is not authorized to render judgment notwithstanding the verdict.

**5. Gifts ⬤48—Where daughter claimed decedent's estate by parol gift, admission of testimony that she buried her father in an old shirt was error.**

In partition proceedings, where defendant, a daughter, claimed the entire estate as a parol gift from her deceased parents, it was error over her objection to permit the introduction of testimony that she refused to permit her father to be buried in a new shirt bought for that purpose because she thought it too costly, and that she had him buried in an old shirt that he had owned for some time; such testimony being not material to any issue and of a nature calculated to prejudice appellant's rights before the jury.

**6. Partition ⬤86 — Judgment charging heir with rent and with produce of land erroneous as double recovery.**

In partition proceedings, where defendant claimed the estate by parol gift, and her claim was disallowed, a judgment against her for rent of the premises and at the same time charging her for five-sixths of the value of a bale of cotton in her possession which was raised on the premises during one of the years for which she was charged with rental value is erroneous as allowing a double recovery for the same item.

**7. Trial ⬤25(9)—Defendant, in order to open and close argument, must admit all facts necessary for plaintiffs to establish.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1953, and district court rule 31 (142 S. W. xx), it was not error to deny defendant in partition proceedings the right to open and close

the argument in the case, where she, though claiming the entire estate by parol gift, or, in the alternative, compensation for services in caring for decedents, had not admitted that the plaintiffs had a good cause of action as set forth in their petition, except as the same might be defeated by the facts set forth in her answer, but, on the contrary, not only denied that appellees had any cause of action, but specially pleaded her defense and urged it throughout the trial.

Appeal from District Court, Nacogdoches County; E. A. Berry, Special Judge.

Suit for certiorari by John Skeeters and others against Sallie E. Compton. From the decree, both parties appeal. Reversed and remanded.

Hodges & Greve, of Nacogdoches, for appellant.

V. E. Middlebrook, of Nacogdoches, for appellees.

O'QUINN, J. This is a suit by appellees against appellant for the partitioning of the estate of their deceased father and mother, W. L. Skeeters and Ruth P. Skeeters, who had died intestate.

In their petition appellees alleged that appellant and appellees were all of the legal heirs of said W. L. and Ruth P. Skeeters, and were joint owners of said estate, and prayed that same be partitioned. Appellant answered, and claimed the whole of said estate by virtue of an alleged parol gift from her said parents, with whom she alleged she had lived, and for whom she had cared for some nine years prior to their death. She also alleged that, in pursuance of an agreement and understanding with all the parties concerned, and especially with her said father and mother, she had come from her home in Oklahoma and lived with her said father and mother in their home for the purpose of caring for them and looking after and managing their affairs, with the understanding that she was to receive whatever property her said parents had at the time of their death, and that, accordingly, her said parents had given to her all the property sued for by appellees. She also pleaded, in the alternative, that in the event she was not entitled to receive said property as by her claimed, then she was entitled to receive compensation at the rate of $100 per month for her services in caring for her said parents and looking after and managing their affairs during the time she so lived with them, and asked judgment for same.

The case was tried before a jury upon special issues, in answer to which judgment was rendered, but, as said judgment was not acceptable to either party, both filed motions for new trial, and, each being overruled, both appellant and appellees gave notice of appeal, filed their appeal bonds, assigned errors, and have brought the case to this court for review.

We have concluded that the case must be reversed and remanded, and in view of another trial we do not deem it necessary or proper to discuss all of the propositions presented by the parties.

[1] Appellant's first proposition is that the court erred in refusing to give her requested charge for a peremptory instruction. It is overruled. The pleadings and the evidence required that the issues be submitted to the jury.

[2] She next complains that the court erred in charging the jury that they could not consider the testimony of appellant as to any statements made to her by her said parents, W. L. Skeeters and Ruth P. Skeeters, relative to giving her the property in question. The court did not err. This being a suit by the heirs and between the heirs relative to the partitioning of their deceased parents' property, neither party could testify as to any transaction with or statement by their deceased parents. Article 3690, Vernon's Sayles' Civil Statutes. But appellant insists that said testimony was admissible, and especially such as occurred in the presence of appellees or any of them. Article 3690 expressly declares that in all actions by or against the heirs or legal representatives of a decedent, arising out of any transaction with such decendent, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with or statement by the intestate. The only exception to the statute is stated therein, and that is when the witness is called to testify by the opposite party. Appellant was not called to testify by her antagonists, but was voluntarily testifying in her own behalf. The evidence, upon objection, should have been entirely excluded. Parks v. Caudle, 58 Tex. 216, 221; Edelstein v. Brown, 100 Tex. 405, 100 S. W. 129, 123 Am. St. Rep. 816.

[3] By her fourth proposition appellant complains that the court should not have submitted special issue No. 4, requiring the jury to find what amount of money W. L. Skeeters, father of appellant, left in the possession of appellant at the time of his death, insisting that under the proof it was a question of law to be determined by the court. The proposition is overruled. The evidence on this issue was conflicting, and hence the question was one of fact for the jury.

[4] The substance of appellant's sixth proposition is that the court erred in not rendering judgment for her non obstante veredicto, for the reason that the undisputed evidence showed that all the property in question belonged to appellant by virtue of a parol gift from her parents in return for her caring for them, and looking after their

affairs for and during the period she lived with them before their death. What we have said as to appellant's first assignment applies to and disposes of this, but we will add that, when a case is tried upon special issues, the court must render judgment as per the verdict of the jury, and that the principle of judgment non obstante veredicto does not apply in cases tried before a jury on special issues. Insurance Co. v. Burwick (Tex. Civ. App.) 193 S. W. 167; Lemm v. Miller (Tex. Civ. App.) 245 S. W. 90.

[5] Appellant's ninth proposition asserts that the court erred in permitting a witness, over appellant's objection, to testify that appellant would not permit her father, W. L. Skeeters, to be buried in a new shirt bought for that purpose, because she thought it too costly, and that she had her father buried in an old shirt that he had owned for some time, for the reason that said testimony was immaterial, irrelevant, and inflammatory in its nature, and calculated to prejudice the jury against appellant. The assignment is sustained. The testimony was not material to any issue in the case, did not throw any light upon any question to be determined by the jury, and was of a nature calculated to prejudice appellant's rights before the jury.

[6] Appellant further complains that the court erred in rendering judgment against appellant for rent of the premises and at the same time giving judgment against her for five-sixths of the value of a bale of cotton in the possession of appellant which was raised on the premises during one of the years for which she was to be charged with rental value. We think the proposition is well taken. To charge appellant with the rent of the premises, and at the same time hold her liable for the value of the produce of the premises for the time she is charged with the rent, would be to allow a double recovery for the same item, which cannot be done.

[7] Finally, appellant complains that the court erred in not permitting her to open and close the argument in the case. We have carefully searched the record, and we do not find therein any admission on the part of appellant that the appellees had a good cause of action, as set forth in their petition, except in so far as same might be defeated by the facts set forth in her answer. To the contrary, appellant not only denied generally that appellees had any cause of action, but specially pleaded her defense and strenuously urged same all through the trial. In order to have brought herself within the rule, appellant must have admitted all the facts necessary for the appellees to have established. District Court Rule 31 (142 S. W. xx); article 1953, Vernon's Sayles' Civil Statutes; Ney v. Rothe, 61 Tex. 376; Railroad Co. v. Montgomery (Tex. Civ. App.) 185 S. W. 633.

Appellees present a number of propositions, but we shall only discuss a few of them.

Appellees complain that the court erred in not permitting John Skeeters, plaintiff and son of the deceased, to testify to statements made to him by his father some time before his death as to what property he, the father, had and its value, in proving up the value of the estate. The evidence was not admissible. It was not only hearsay, but consisted of statements made by the intestate and not admissible under article 3690, Vernon's Sayles' Civil Statutes.

Appellees also complain that the court erred in his charge to the jury in submitting special issue No. 4; said special issue was in part as follows:

"What amount of money did Wesley Skeeters leave in the possession of Mrs. Sallie Compton at the time of his death?"

insisting that same should have also inquired as to what money, if any, belonging to said estate, had come into the possession of appellant after the death of her said father. We believe the criticism is well taken, and that the issue should have been submitted in two separate questions, one to embrace the money belonging to the estate that had come into the possession of appellant up to the time of the death of her father, and the other as to what money, if any, belonging to the estate had come into appellant's possession after the death of her father; the object of the inquiry being to determine the entire amount of money belonging to the estate that had come into the possession of appellant.

Appellees further complain that the court erred in adjudging that the costs of suit should be paid in equal proportions by each of the six parties. All the parties to the suit were heirs and claimants to the estate. Each, appellant and appellees, partially recovered judgment, and under article 2048, Vernon's Sayles' Civil Statutes, the court, under the facts, was authorized to distribute the costs in the manner adjudged. Morrow v. Terrell, 21 Tex. Civ. App. 28, 50 S. W. 734; Beaumont Rice Mills v. Bridges, 45 Tex. Civ. App. 439, 101 S. W. 511.

Various other assignments of error are made by both appellant and appellees, but, as the questions therein involved may not arise upon another trial, they are not discussed.

For the errors discussed, the judgment is reversed, and the cause remanded. As both parties to the judgment below appealed and have urged their assignments of error on appeal, and as some of each have been sustained, the costs of this appeal will be taxed equally against both parties.

Reversed and remanded.