SMITH et al. v. FROST.    (No. 461–3266.)

(Commission·of Appeals of Texas, Section A.
Oct. 10, 1923.)

**1. Pleading ⬤=127(2)—Admission of plaintiffs' cause of action admits all alleged facts necessary to recovery.**

Admission of plaintiffs' cause of action, under rule 31 (142 S. W. xx), to obtain the privilege of opening and closing, admits every alleged fact necessary to their recovery, and abandons all defensive matter not in the nature of confession and avoidance.

**2. Evidence ⬤=265(7)—Admission held to admit allegations as to ownership and value of property.**

In a suit to enforce execution and attachment liens on automobile claimed by defendant, the latter, by filing an admission of plaintiffs' cause of action under rule 31 (142 S. W. xx), conclusively admitted plaintiffs' allegations that execution and attachment defendants were the owners of and in possession of the car when the writs were levied, that defendant had no title thereto, and that it was of stated value.

**3. New trial ⬤=97—Overruling motion for new trial for surprise at court's ruling as to effect of admission held not abuse of discretion.**

Where the court, before directing a verdict for plaintiffs on the ground that defendant's admission under rule 31 (142 S. W. xx) had admitted the issue of ownership decisive of the case, presented his charge to defendant's counsel, who made no request to withdraw his admission or announcement of ready for trial on the ground of surprise at the court's ruling, and first set up such surprise in his motion for new trial, the court did not abuse its discretion in overruling the motion.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by W. H. Smith and others against C. E. Frost. Judgment for plaintiffs was reversed by the Court of Civil Appeals (207 S. W. 392), and they bring error. Judgment of Court of Civil Appeals reversed, and judgment of district· court affirmed.

R. H. Kingsbury, Nat Harris, Boggess & Naman, F. M. Fitzpatrick, W. L. Eason, and W. B. Carrington, all of Waco, for plaintiffs in error.

Marshall Surratt, of Waco, for defendant in error.

BISHOP, J. The plaintiffs in error, W. H. Smith, L. Fred, Sidney Herz, the Goldstein-Migel Company, Sanger Bros., the Texas Power & Light Company, and Alex Fitzpatrick, having caused several writs of execution and attachment sued out by them against Clayton, Gordon, and Hugh Boggs, composing the firm of Boggs Bros., to be levied on an automobile, the defendant in error, C. E. Frost, delivered to the officer, who levied said writs, his oath in writing, claiming to be the owner of said property, and the officer having assessed the value of same at $1,500, defendant in error executed and delivered to him his bond in the sum of $3,000, payable to all the plaintiffs in error in the several writs. Whereupon the officer delivered to him said automobile, and filed the affidavit and bond in the district court of McLennan county, Nineteenth judicial district.

Thereafter plaintiffs in error filed in the district court their original petitions, stating the grounds on which they sought to enforce their execution and attachment liens on the automobile, and alleged that same was not the property of defendant in error at the times of levies, but was the property of and owned by Boggs Bros., and in their possession, and was subject to foreclosure and sale, and that said automobile was of the value of $2,500. They asked judgment against defendant in error, and surety on his bond. Defendant in error answered by general denial and specifically that at the time of the levy he was the owner of and in possession of said automobile, and that same was not subject to either execution or attachment for any debt due by Boggs Bros. He further alleged that Boggs Bros. were his employees and agents, and that he had furnished them the car to enable them to better fulfill their duties to him as agents and employees, and that they had no title, claim,· or interest in said car in their own right.

Issue having been thus joined, the court determined and ruled that the burden of proof was upon defendant in error to establish his claim to the property, and thereafter, before the trial began, defendant in error filed an admission of the plaintiffs' cause of action under rule No. 31 (142 S. W. xx) for district and county courts, in language as follows:

"Now comes the defendant and admits that plaintiffs and each of them have a good cause of action as set forth in their petition, except so far as it may be 'defeated in whole or in part by the facts of the answer constituting good defense which may be established on the trial."

This admission was duly entered of record, and defendant in error was given the right to open and conclude in introducing the evidence and in the argument.

The case was tried before a jury. The defendant in error first introduced his evidence going to establish his claim and ownership of the car. Plaintiffs in error then introduced their evidence, consisting of a number of witnesses, who testified that the reputation of Boggs Bros. for truth and veracity was bad. Thereupon the defendant in error presented to the court his motion, asking that the jury be instructed to return a verdict for defendant, and plaintiffs in error asked the court to instruct the verdict for plaintiffs. The court overruled the motion

⬤=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of defendant in error, and charged the jury to return a verdict for plaintiffs, to which charge defendant in error objected in writing before same was read to the jury. Under this charge a verdict was returned as directed, and judgment rendered and entered in accordance therewith. The case was appealed to the Court of Civil Appeals by defendant in error, resulting in the judgment of the trial court being reversed and the cause remanded.

It is evident that the district court, in instructing a verdict for plaintiffs in error, concluded that, by making admission under rule 31, defendant in error had admitted that he was not the owner of said automobile, but that Boggs Bros. were the owners thereof, and for this reason there was no issue for the jury.

In their petition for writ of error, plaintiffs in error contend that in reversing this judgment the Court of Civil Appeals held differently from decisions of the Courts of Civil Appeals of other Supreme judicial districts in the cases of Meade v. Logan (Tex. Civ. App.) 110 S. W. 189; Workman v. Ray (Tex. Civ. App.) .180 S. W. 291; Ferguson-McKinney Dry Goods Co. v. City National Bank, 31 Tex. Civ. App. 238, 71 S. W. 604; Mutual Life Ins. Co. v. Baker, 10 Tex. Civ. App. 515, 31 S. W. 1076; and from the Supreme Court in Smith v. Traders' National Bank, 74 Tex. 545, 12 S. W. 221.

[1] The Court of Civil Appeals held that a reasonable construction of rule 31 for district and county courts, where the defendant had filed no plea of confession and avoidance, is that an admission in the language of the rule only admits that the plaintiff by his evidence will establish a prima facie case, and entitle him to recover, unless defendant can by evidence overcome such prima facie case, and show that the issue mentioned in his answer should be decided in his favor. In this we think the Court of Civil Appeals is in error. The same construction should be given the rule in·cases where a plea of confession and avoidance is not relied upon, as is given in a case where such plea is relied. upon.

[2] The admission under this rule admits every fact alleged in the plaintiff's petition, the proof of which is necessary to their recovering in the first instance, and is an abandonment of all defensive matter set up in defendant's answer, except that in the nature of confession and avoidance. Smith v. Traders' Nat. Bank, 74 Tex. 541, 12 S. W. 221, and Dashiel v. Lott (Tex. Com. App.) 243 S. W. 1072.. In this case the plaintiffs in error in their petitions alleged that at the time of the levy of the writs of execution and attachment, Boggs Bros., defendants in execution and attachment, were the owners of the automobile, and in possession thereof, and that

defendant in error Frost did not own and had no title to same, and that said car was of the value of $2,500. These facts were conclusively admitted by defendant in error; and the trial court, under the admission, could not do otherwise than instruct a verdict for plaintiffs in error.

[3] It is evident that, in making the admission, counsel did not intend to admit that defendant in error did not own the automobile, and that he was mistaken as to the effect of same. In his· motion for new trial, claiming that from the record it is shown that he had a meritorious defense to the plaintiffs' cause of action, and was mistaken as to the effect of his admission, he asks that he be granted a new trial on the ground of surprise in the ruling of the court at the close of the evidence, and here assigns error on the action of the court in overruling his motion. We are of opinion that the district court did not abuse its discretion in overruling the motion for new trial. At the close of the evidence the court heard the motions of both plaintiffs in error and defendant in error asking for an instructed verdict, and ·presented his charge to counsel for defendant in error, who filed written objections thereto. No request was made to either withdraw the admission or his announcement of ready for trial by reason of such surprise at the action of the court, and this assignment is set up for the first time in his motion for new trial. Kilgore v. Jordan, 17 Tex. 346; Ables v. Donley, 8 Tex. 331, 337.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that of the district court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.