**RECTOR v. EVANS.     (No. 1053-4564.)\***

Commission of Appeals of Texas, Section A. May 6, 1928.

1. **Trial** ⊚⇒25(9)—Admission of plaintiff's cause of action on note for privilege of opening and closing defeated defense of delivery on condition precedent but not of breach of condition subsequent (District and County Court Rule 31, 142 S. W. xx; Negotiable Instruments Law, § 16).

In action on note, defendant's admission at close of evidence that plaintiff had cause of action, made to secure the right to open and close under District and County Court Rule 31, 142 S. W. xx, destroyed effectiveness of defense of delivery of note on condition precedent under Negotiable Instruments Law § 16 (Rev. St. 1925, art. 5932), set up by allegations in answer that note was executed and delivered with understanding that it was to be canceled if plaintiff did not recover judgment against another, but did not destroy defense of breach of condition subsequent based on such allegations.

2. **Bills and notes** ⊚⇒477—Allegation that plaintiff did not intend to perform promise to return note if he did not recover on other claims held to state good defense.

In action on note, in which defendant claimed that note was executed with understanding that it should not bind him unless plaintiff recovered judgment against other parties, allegation in answer that plaintiff's promise to sue on the other claims and either recover judgment thereon or destroy or return note to de-

fendant was made for purpose of securing defendant's signature to note and without any then present intent to perform his promises *held* to state good defense.

**3. Trial ⬡⟿25 (9)—Admission of plaintiff's cause of action on note for privilege of opening and closing held not to entitle plaintiff to directed verdict (District and County Court Rule 31, 142 S. W. xx).**

In action on note, defendant's admission at close of evidence, resting on facts of answer constituting a good defense to plaintiff's cause of action, that plaintiff had cause of action made to secure right to open and close under District and County Court Rule 31, 142 S. W. xx, *held* not to entitle plaintiff to directed verdict.

**4. Trial ⬡⟿25 (9)—Admission at close of evidence of plaintiff's cause of action held not to entitle defendant to open and close (District and County Court Rule 31, 142 S. W. xx).**

Defendant's admission at close of evidence in action on note that plaintiff had cause of action, made to secure right to open and close under District and County Court Rule 31, 142 S. W. xx, *held* not to entitle him to open and close, since such admission at that time did not relieve plaintiff of burden of proving his case, which is the object of the rule.

**5. Appeal and error ⬡⟿1170 (6)—Error in transferring privilege of opening and closing is not immaterial (District and County Court Rule 31, 142 S. W. xx).**

Error in transferring privilege of opening and closing from party having burden of proof to party making admission to obtain such right under District and County Court Rule 31, 142 S. W. xx, but which admission did not affect burden of proof, cannot be regarded as immaterial.

Error to Court of Civil Appeals of Eleventh Supreme Judicial District.

Action by J. S. Rector against Mack Evans. Judgment for defendant was affirmed by Court of Civil Appeals (278 S. W. 924), which judgment was reversed and judgment rendered by Commission of Appeals, section B (288 S. W. 826). Thereafter case was withdrawn from section B and referred to section A of the Commission of Appeals. Judgments of Court of Civil Appeals and District Court reversed and remanded.

Ritchie & Ranspot, Geo. M. Ritchie, and John W. Birdwell, all of Mineral Wells, for plaintiff in error.

Chandler & Pannill, of Stephenville, for defendant in error.

NICKELS, J. The opinion of the Court of Civil Appeals is reported at page 924 of 278 S. W.

Upon allowance of writ of error the case was referred to the Commission of Appeals, section B. Recommendation that the judgment (in favor of Evans) be reversed and that judgment be rendered for Rector was adopted by the Supreme Court. That recommendation and its supporting opinion is reported at pages 826 et seq. of 288 S. W. Rep.

On motion for rehearing, section B of the Commission recommended that former action be modified so that a remand of the case be ordered. Thereupon previous orders were set aside by the Supreme Court and the case was withdrawn from the Commission of Appeals. Subsequently, it was referred to Section A of the Commission.

We refer to the original opinion of the Commission of Appeals, section B (288 S. W. 826), for a complete statement of the pleading and proof. In this opinion we will restate only so much of the record as pertains to the matter which we regard as determinative of the questions now presented.

Rector sued upon a promissory note of negotiable form, which, he alleged, was "executed" and "delivered" to him. That allegation was accompanied by others appropriate in that character of petition.

Evans' answer included a general denial and averments next summarized: (a) The note was "executed" by him but was "never delivered * * * as a binding obligation, * * * and the same never took effect." (b) That character of delivery and a "binding obligation" is lacking because of matters next stated. (c) Evans and other persons (all as sureties for a corporation) had been liable on some indebtedness (about $6,000) to Mrs. Hart, J. W. Rector, and a bank. J. S. Rector (plaintiff below) represented that he had paid that indebtedness (inferably at the instance, etc., of those liable). There was a dispute between the persons originally liable (except Evans) and J. S. Rector as to continued existence of that liability and its payment by Rector. Evans had been out of the community for some time and did not know the facts about which the dispute existed, but did know of the dispute. If the liability still existed Evans' proportionate part was $1,033.54. J. S. Rector was threatening suit against all of the original debtors (except the corporation). Thereupon Evans and J. S. Rector agreed that Evans would "execute" the note in question to Rector, and Rector would sue the other original debtors and recover judgment against them, but if such judgment was not recovered, this note "would not be binding, * * * would not be effective, * * * and would thereupon be destroyed or returned" to Evans. "Not until" recovery of such judgment would this note become a binding obligation. Upon the agreement and faith in Rector's promises about suit, recovery, etc., the note was executed. Rector brought the suits, but allowed them to be dismissed for a lack of prosecution, and, of course, no judgment (within the agreement) was recovered, and all claims against the other original debtors are now barred by limitations. (d) Rector

never intended to prosecute the suits (as promised), well knowing that he could not recover, etc. (e) Promises considered, there was not delivery of the note by Evans save upon condition which was never met, and Rector's promises (without intent to perform) amounted to fraud.

On trial Evans made the admission provided for in rule 31, 142 S. W. xx, and thereby got the opening and conclusion of the jury argument.

### Opinion.

1. With that admission made, Rector moved for instructed verdict, and the court's refusal so to instruct is assigned for error.

Prima facie, Rector's averments set up a delivery of character to give some effect to the obligation purportedly evidenced by the note, for else he would not have stated a cause of action. And that he "set forth in the petition" (separately considered) a "good cause of action" was an admission required by rule 31.

[1] With some effect as an obligation once given by a delivery, it is manifest there cannot have been delivery on a condition precedent. Hence the effect of Evans' pleading and evidence as showing delivery on such a condition and as showing nonoccurrence of the contingency of obligational effectiveness (assuming them sufficient in that regard) was destroyed by the admission. For the purposes of that trial, conditional delivery precedent as a defense grounded in section 16 of the Negotiable Instruments Law (article 5932, R. S. 1925) passed out of the case. But as between immediate parties (as here) a defense of condition subsequent broken has warrant in the statute mentioned. The delivery may be shown to have been "for a special purpose only." And since the defense may be directed at an instrument perfect on its face, of necessity (in such a case) the plea is one of confession and avoidance.

It may be (probably it is true) that the defense of delivery on condition precedent is of that nature, but as affected by operation of rule 31, there is a vital distinction between the two defenses: (a) "Good cause of action as set forth in the petition" cannot be admitted without admission of delivery "for the purpose of giving effect," and this obviates a contention of such a delivery as precludes all effect (i. e., delivery on condition precedent); whereas claim of condition subsequent broken presupposes existence of the obligation up to that occurrence and a prima facie effect despite that occurrence in consequence of which waiver of the defense is not a result of admission made under rule 31.

[2, 3] Evans' pleading includes charges of an agreement that the note would be destroyed or returned to him if it turned out that Rector should not be able to get a judgment on the other claims and that he failed to get that judgment. If those charges be true, there was, we think, delivery "for a special purpose only"; i. e., for holding by Rector to abide results in the other cases, with surrender or destruction of the "note" (paper as well as obligation) if he lost in those cases.

Evans charged that Rector's promise to sue upon the other claims and either to recover judgment thereon or destroy or return the note was made for the purpose and with the result of securing his signature and without any then present intent on Rector's part to perform his promises. If the charge be true, it makes a good defense. King v. Wise (Tex. Com. App.) 282 S. W. 570, 573, and cases there cited. Section B so held in its opinion on rehearing. It also held (and in the holding we concur) that there is evidence (disclosed in its original opinion, 288 S. W. 826 et seq.) to support the charge. This defense was not cut off by the admission under rule 31, for it rests on "the facts of the answer constituting a good defense," which is the exception expressed in the rule. See Smith v. Traders' Nat. Bank, 74 Tex. 541, 12 S. W. 221; Smith v. Frost (Tex. Com. App.) 254 S. W. 926.

In our opinion the request for peremptory instruction was properly overruled.

[4] 2. Rector objected to allowing Evans to open and conclude the jury argument; action of the court in giving that privilege to Evans is assigned for error.

It appears that the "admission" on which the benefits of rule 31 were claimed was made after conclusion of introduction of evidence by both parties. Rector had introduced his note and made a prima facie case.

Since the plaintiff ordinarily must assume the burden of introducing proof, it is appropriate that he also have the privilege of opening and concluding the argument. The rationale of rule 31 is that the privilege is taken away by such admission as takes away necessity for performance of the duty. Alstin v. Cundiff, 52 Tex. 453; Smith v. Traders' Nat. Bank, supra.

That the burden of proof of the whole case, within meaning of the rule, was not on the defendant, is attested by the fact that if plaintiff had contented himself with pleading (and no evidence) he would not have made out a case for relief.

[5] It results that defendant did not make the admission at that stage of the proceedings where he must have made it in order to be entitled to the privilege accorded. The rule (as the common law) proceeds upon the theory that the privilege is a valuable one (Smith v. Traders' Nat. Bank, supra), and the error in transferring it cannot be regarded as immaterial.

3. We recommend that the judgments of the Court of Civil Appeals and of the district court be reversed and that the cause be remanded.

CURETON, C. J. The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.