## KELLY v. R–F FINANCE CORPORATION.

### No. 12834.

Court of Civil Appeals of Texas. Fort Worth.

April 29, 1933.

Rehearing Denied June 3, 1933.

L. C. Counts, of Olney, for appellant.

E. M. Robertson and Walter Friberg, both of Wichita Falls, for appellee.

LATTIMORE, Justice.

Appellant purchased a Chevrolet car from Lovelace, executing the note sued on and a mortgage on the car to secure the unpaid purchase price. Lovelace sold the note and mortgage to appellee. The note being past due, appellant at the suggestion of appellee placed the car in the possession of Lovelace who in the ensuing transactions acted as the agent of appellee.

Appellee sued to recover on the note and foreclose the mortgage. Some thirty days after the suit had been filed, Lovelace traded the car for another car and $200; the other car being of the value of $100. Repairs, license, and commission, to the salesman on the

Chevrolet, amounted to $97. The court upon a jury verdict entered the following judgment: "It is therefore ordered, adjudged and decreed by the court that the said plaintiff, R-F Finance Corporation do have and recover of the said defendant, F. L. Kelly, the sum of Three Hundred Ninety seven and 90/100 ($397.00) Dollars with interest thereon at the rate of ten (10%) per cent per annum from the 25th day of May, 1932, and it is further ordered, adjudged and decreed that the sum of Two Hundred Two and 36/100 ($202.36) Dollars tendered into court by the plaintiff, R-F Finance Corporation, in lieu of the Chevrolet automobile, upon which foreclosure was asked, be applied toward the satisfaction of defendant's obligation to the same extent and for the same purpose that the mortgaged property would be subjected to the payment of the defendant's obligation, and that the plaintiff have its costs in this behalf expended and that it have its execution."

On motion for new trial, the appellant offered testimony to show that the car taken in at $100 had been sold for $100 plus another car.

■ The appellant filed and presented a rule 31 request for the right to open and close the evidence and argument, which the court declined to grant and states in his order that the court asked appellant if he intended by such request to waive any of his defensive matters, to which appellant replied in the negative. An applicant is not required to confess to waiver in advance to any defenses in order to obtain such right, though such admission may have cut off any proof of said defenses.

[2] The order of the court is copied from the minutes into the transcript, and no other record of it is here presented. By statute no particular form is required for a bill of exceptions. The order shows the application of appellant, the ruling of the court, the exception of appellant, and the reason assigned by the court for his ruling. It contains all that a bill of exception must contain. Article 2237, Rev. Statutes.

■ The mortgage gave the mortgagee the power, on default of the payment of the note, to sell the car at private sale for "cash or credit." This remedy is inconsistent with a foreclosure in court. The appellee could not pursue both. He selected to foreclose in court. With that suit pending, he was without right to exercise the power of private sale. Ward v. Green, 88 Tex. 177, 30 S. W. 864; Neill v. Johnson (Tex. Civ. App.) 234 S. W. 147, 150; Middleton v. Nibling (Tex. Civ. App.) 142 S. W. 968, 971. When property is converted, the owner may sue for the specific article or for the market value thereof, or, if sold, treat the conversioner as a constructive trustee and sue for the proceeds.

■ Courts should write their judgments clearly so that they may be definitely understood without reference to extraneous records. To understand what is to be done with the $202.36 in this judgment, the reader would have to refer to the mortgage. Such a recital in the findings of fact would be appropriate, but the judgment, if any, should have been definite in amount.

The judgment of the trial court is reversed, and the cause remanded.

### On Motion for Rehearing.

Most of our authorities on the interpretation of rule 31 find their precedent in Smith v. Traders' National Bank, 74 Tex. 541, 12 S. W. 221. That was a suit on a note plus an allegation that the plaintiff was a holder in due course. The defendant claimed failure of consideration and fraud, each pleas in confession and avoidance. Holding that the admission under rule 31 did not preclude the defendant from showing failure of consideration, Judge Gaines said: "The plaintiff was not bound to allege that he was a holder in due course. It was incumbent upon the defendant to show the contrary." The defendant "does not purport to admit the allegations of the petition but merely to admit that the plaintiff has a prima facie case and expressly declines to admit any fact inconsistent with the new matter alleged in his answer."

The substance and value of that opinion is included in the statements therein that, when upon the real issues in the case the burden of proof rests upon him, "he is permitted to admit the prima facie case of the plaintiff, although it is denied by his pleadings, and to open the case by introducing evidence to establish the affirmative defense he has set up." Also the following: "The defendant admits every fact alleged in the petition which it is necessary for the plaintiff to establish in the first instance."

■■ A large part of appellant's pleaded defense, contained in some six pages of the transcript, was failure of consideration and a cross-action against appellee for conversion of the automobile. These matters were proper subjects for appellant's assumption of the burden of proof. That his statutory admission under rule 31 may have deprived him, unawares to him, of some of his defenses, is no reason for the court to refuse to give effect to such admission if defendant presses his demand therefor. This was held in Smith v. Frost (Tex. Com. App.) 254 S. W. 926.

Motion overruled.