## Hugh Lewis v. H. S. Parker and another.

1. If the drawer of a bill of exchange has no authority to draw it, he is chargeable at once with notice of its protest, and the law does not impose on the payee any duty to inform him of the non-payment of the bill.

2. If an acceptor of an unnegotiated bill was not liable to the payee because the latter knew that he was only an accommodation acceptor, then it follows, for the same reason, that the drawer was liable, and that no suit or protest was necessary to fix his liability.

3. A judge has no right or power to decide a question of fact, except by consent of both parties.

4. The case of Durrum v. Hendrick, 4 Texas, 495, cited and approved.

Appeal from Gonzales. Tried below before the Hon. J. J. Holt.

In October, 1866, the appellant brought this suit against H. S. Parker as the acceptor, and T. N. Waul as the drawer of a certain bill, order or draft as follows:

" $1860.                    GONZALES, September 11, 1860.

" Six months after date, pay to order of Harris & Lewis eighteen hundred and sixty dollars, value received, and charge the same to account of

" (Signed                         " T. N. WAUL.

" To H. L. PARKER, Gonzales, Texas."

Plaintiff alleged that Parker accepted the bill by writing his name across its face, and averred non-payment by both Parker and Waul, and that he, plaintiff, was the surviving partner of the firm of Harris & Lewis, the payees.

The defenses relied on are apparent from the opinion of this court and the argument of counsel. Numerous amendments and exceptions were interposed by both parties.

Trial was had at the Spring term, 1866, when the plaintiff read to the jury the instrument sued on, and there rested his case. Thereupon, the defendant, Waul, demurred to the evidence so far as he was concerned. The court sustained the demurrer, and dismissed the case as to Waul; to which the plaintiff excepted. (No joinder in the demurrer appears in the record.)

The trial then proceeded against Parker alone, who introduced Waul as a witness, tendering a written release of Waul from all liability as drawer. The plaintiff objected to the competency of Waul, notwithstanding the release; but the court held him competent, and the plaintiff again excepted.

Waul testified that in the Spring of 1860, A. D. Harris (who was then sheriff of Gonzales county, and also a partner in trade of the plaintiff, Lewis,) informed witness that he held an execution against him from the Bexar District Court; that late in the same season Harris had an interview with witness, who does not now recollect in what situation the matter stood, but thinks that Harris, having either become responsible for the amount of the execution, or having assumed payment of it out of kindness for the witness, asked witness to draw a draft on H. S. Parker to pay the

same, to which witness replied that he did not wish to draw on Parker, having never done such a thing; but that Harris told him he had arranged that matter with Parker, and witness then drew the draft. That the execution was for some $900 principal, and perhaps $200 interest. That Harris returned this execution satisfied, witness giving him a draft for the amount of it on New York, which was protested, and a draft on Parker was given in lieu of it, and that the draft now sued on was one drawn in lieu of the last mentioned draft. That witness never had any funds in Parker's hands.

J. F. Miller, for defendant, testified that A. D. Harris came into the office of Parker & Miller and presented the draft now sued on to Parker for acceptance, in lieu of one for $1200 or $1300, previously drawn by Waul on Parker, and accepted by the latter, the object of the present draft being to extend the time of payment and to enable Harris to raise the money by negotiating it. That Harris said he was liable for the money, and that he had taken charge of Waul's business, and had made arrangements by which he would secure payment of the debt by Waul. Witness advised Parker that he had better pay the old draft than to go on paper to be negotiated at three per cent. per month.

The plaintiff introduced some evidence of admissions made by the defendant of his liability on the draft.

In returning their verdict for the defendant Parker, the jury stated that they believed he had accepted the draft for the accommodation of Harris, and that it had never been negotiated.

The plaintiff moved for a new trial on various grounds, but his motion was overruled and he appealed.

*Sherwood & Flournoy*, for the appellant.—On the trial of the cause the bill was read in evidence to the jury. The bill is dated September 11, 1860, and due eleventh of March, 1861. The plaintiff then rested the cause.

The defendant, Waul, demurred to the evidence, on the ground that there was proof showing good cause for not bringing the suit sooner, as prescribed by the statute under Art. 229, Paschal's Digest. The court thereupon withdrew the cause from the jury, sustained the demurrer and dismissed the suit, as against Waul, by which ruling the court erred in this, to-wit:

First—The evident and only object of the requirements of the law, was to compel the holder of a draft, bill of exchange, etc., to exercise diligence in fixing and securing the liability of indorsors or acceptors, on bills drawn on them, arising under and based upon the general custom and legal presumption that the drawer has money in the hands of his acceptor, or other credits in readiness to meet and be applied to and in discharge and satisfaction of his drafts; and commercial interests imposed upon the payee the duty of diligence, as against the acceptor, for the protection of the drawer.

But in and by the law commonly called "the stay law," passed during the late war, it was rendered impracticable to effect the object of this requirement. (Paschal, Art. 5125.)

Whereupon, in order to relieve parties from any unjust or unreasonable advantages that would otherwise be taken in resisting liabilities, the convention, by its Ordinance No. 8, § 7, passed thirtieth of March, 1866, declares, that in all civil actions the time between the second day of March, 1861, and second day of September, 1866, shall not be computed in application of any statute of limitation.

Waul's plea of the elapse of *two terms* under the statute for bringing the suit, by which plaintiff was *limited* under the statute, is a statute of limitation under the spirit and letter of the said ordinance, there not being two terms of the district court after the statute commenced to run, before the commencement of the suit, and the demurrer was bad, and the court erred in sustaining it.

Second—The second ground of error urged before this court is that the district judge had no right to take from the jury a question of fact on demurrer, and decide it when there was no joinder in the demurrer. There was no joinder in demurrer to the evidence, but on the contrary it doth expressly and positively appear by the record that appellant excepted to appellee's right of demurrer at that stage of the proceedings, and continued to insist upon it, and it is so throughout the Transcript. The whole operation of conducting a demurrer to evidence, in form and in fact, is adhered to by our Supreme Court. (Booth v. Cotton, 13 Tex., 362; 11 Wheaton, 320–1; 4 Yeates, 54; 2 Sergt. and Rawle, 186; Sergt. and Rawle, 413 to 416.)

There cannot be drawn an inference that there was a joinder of demurrer to the evidence, but the conclusion must be that the record is conclusive to the contrary. Therefore, Waul was, at that stage of the proceedings, improperly dismissed, and consequently improperly allowed to come on the stand in his own case as a witness.

The fourth ground of error in the court below is in the following charge:

The judge erred in charging that if the bill was accepted for Waul's benefit or accommodation, and was placed with Harris & Co. for them to raise money on, that they must prove that they negotiated said draft, and that it passed out of their possession. Now the plaintiffs might have advanced money on it themselves; and it has been decided in Wordwell v. Howell, 9 Wend. 170, that where a note has effected the substantial purpose for which it was intended by the parties, that the accommodation indorser cannot object that it was not effected in the precise manner contemplated at the time of its creation.

*T. N. Waul* and *J. F. Miller*, for the appellees.—The drawer and acceptor set up distinct and separate defenses. The drawer alleges in his answer :

First—That protest was not made nor notice of non-payment given him at the maturity of the bill of exchange.

Second—That suit was not instituted at the first nor the second term of the district court after the same became due and payable, nor any excuse given for such failure.

Third—There was no legal waiver of the rights of the drawer.

Fourth—A plea of payment.

The issues are clearly made in the allegations of plaintiff and defendant Waul. The record does not show, nor does the assignment allege error in the ruling of the court upon the pleadings in the cause between these parties, nor was any exception taken to the answer of the drawer, setting up the foregoing defense.

On the trial the plaintiff read the bill of exchange to the jury, and rested his case without offering evidence tending to prove the allegations in his petition. The drawer thereupon demurred to the evidence and upon the issue of law. The case against the drawer was withdrawn from the jury, the demurrer sustained, and judgment rendered in favor of the drawer of the bill.

For the defendant Waul we rely upon the following points and authorities:

That it was necessary to protest the bill and give notice to the drawer, or the plaintiff should have instituted suit at the first term of the district court after the maturity of the bill, and if sufficient excuse was then shown for the failure to institute suit at the first, under all circumstances suit should have been brought to the second term of the court. (Paschal's Digest, p. 149, Art. 229; Locke v. Huling, 24 Tex., 312; Elliott v. Wiggins, 16 Tex., 596.)

The demurrer was properly taken and decided, and it was unnecessary that it should be in writing. (Hughes v. Christy, 26 Tex., 234; Booth v. Cotton, 13 Tex., 362.)

The plaintiff did not attempt to prove a subsequent promise, or waiver, even by parol, although " parol testimony shall be inadmissible" to prove that the assigner, *drawer*, or indorser released the

owner of any bill of exchange from his obligation to use due dil-
ligence in collecting the same. (Paschal's Dig., page 146.) And
the judgment upon the demurrer was in strict accordance with
law, we submit.

We will next take up the case against Parker, the acceptor of
the bill of exchange, and although the pleadings are voluminous,
they have resulted in the following issues which are clearly estab-
lished by the evidence of Miller and Waul:

First—That Parker was an acceptor for Harris & Lewis, the pay-
ers, holders and claimants of the bill of exchange and plaintiffs in
this suit. .

Second—That the bill of exchange drawn by Waul in favor of
Harris & Lewis, was accepted for their accommodation, to raise an
amount of money for which Harris had become liable for the
drawee.

Third—That the negotiation having failed, or never having been
attempted by Harris & Lewis, the object of its acceptance was
defeated and they had no claim upon Parker for any portion of
the bill.

Upon this portion of the case we offer the following points and
authorities :

I.   That it is an elementary principle of commercial law, that
no action will lie against an accommodation acceptor, by any party
for whose accommodation he had accepted. (Edwards on Bills,
314-5; Byles on Bills, 184; Chitty on Bills, 82; Story on
Bills, § 253; Bayley on Bills, 532; Darnell v. Williams, 2 Stk.
Reps., 166; Thompson v. Chubby, 1 Mees. & Welby, 212;
Spooner v. Chapman, 9 Barn. & Cres., 241; Parsons on Bills, 2
vol., 29.)

II.   When a bill has been drawn and accepted for the purpose of
raising money or negotiating, until the bill is negotiated, no liabil-
ity attaches to the acceptor while it remains in the hands of the
original parties. (2 Parsons on Bills, 29; Edwards on Bills, 314-

15–16–17; Chitty. on Bills, 82–92; Evans v. Kymer, 1 Barn. & Ad., 528.)

MORRILL, C. J.—When Waul drew the bill on Parker, he either had funds in Parker's hands or he had not; he was legally authorized to draw or he was not. If he was not authorized to draw, he had notice of the protest when he drew; and the law does not impose upon the payee the duty of informing him that the debt was not paid, when he knew beforehand that it would not be.

If Parker is not liable on the draft, because he was an accommodation acceptor, and this fact was known to the payee, then surely Waul was liable for the same reason. It was error in the court to decide that there was no cause of action against the drawer of the draft, because his liability was not fixed by writ or protest, if the acceptor is not liable.

The petition is certainly defective in not stating directly and *pointedly*, what is stated covertly, that Parker had no funds in his hands, or erred in not alleging why Waul was liable. The judge also erred in taking the power upon himself to render a judgment in favor of Waul, after the testimony had been partly given to the jury. He could have decided upon the pleadings before the trial upon the facts, and thus given the plaintiff an opportunity to amend; but he had no right or power to decide a question of fact, unless by the consent of both parties.

The opinion of this court in the case of Durrum v. Hendricks, (4 Tex. R., 495,) is decisive of all the legal points arising in this case. For the reasons set forth in that case the judgment in the district court, as to both parties defendant therein, is reversed, and the cause remanded for further proceedings.

Reversed and remanded.