CHERRY v. FIRST TEXAS CHEMICAL MFG. CO. et al.

(Court of Civil Appeals of Texas. Dallas. Jan. 21, 1912. Rehearing Denied Feb. 17, 1912.)

1. CORPORATIONS (§ 401*) — OFFICER REPRESENTING DIFFERENT CORPORATIONS—NOTICE.—EFFECT.

Though an officer in a corporation to whom a note was given as collateral security was also an officer in the corporation by whom it was transferred, the connection was not sufficient to impute to the transferee notice of a vice in the note, and make it other than a bona fide holder.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 401.*]

2. BILLS AND NOTES (§§ 370, 373*) — BONA FIDE PURCHASER.

The maker of a note which was transferred without notice of any vice, as collateral security for an open account, is liable to the transferee for the amount due on the account, even though he may have had a defense of fraud or lack of consideration against the payee.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 963, 966; Dec. Dig. §§ 370, 373.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by the First Texas Chemical Manufacturing Company and others against G. P. Cherry. From a judgment for plaintiffs, defendant appeals. Affirmed.

W. M. Pierson and N. J. Wade, for appellant. Leake & Henry, for appellees.

RAINEY, C. J. The appellee, First Texas Chemical Manufacturing Company, brought

this suit against G. P. Cherry, as principal, and the Walker Chemical Company, as indorser, on a note executed to it by Cherry, and indorsed by it to the First Texas Chemical Company as collateral security to secure an open account due by the Walker Chemical Company to the First Texas Chemical Manufacturing Company; also to recover of the Walker Chemical Company on the open account due it.

Cherry answered by a plea of fraud, a failure of consideration, and cancellation of the note, and asked judgment against the Walker Chemical Company in case judgment was rendered against him on the note. The Walker Chemical Company did not resist the demand of the First Texas Chemical Manufacturing Company, but did resist the demand of Cherry. The court instructed a judgment against both defendants for $985.95, being the amount due plaintiff on open account; and the jury also found for Cherry against the Walker Chemical Company, as prayed for, and judgment was rendered in accordance with the verdict. The Walker Chemical Company acquiesced in the judgment, and Cherry alone appeals.

The first assignment of error is: "The charge of the court and the verdict of the jury and judgment thereon are contrary to the law and evidence, because the testimony of R. S. Walker and other evidence shows that he had been a customer of the plaintiff and an intimate friend and business associate of M. R. Bruckner, plaintiff's manager, for seven years; that said Walker and Bruckner together conceived, planned, and organized the incorporation of the Walker Chemical Company as a feeder and customer of the plaintiff; that in the organization it was understood and agreed between said Bruckner and Walker that no constitutional consideration of any nature whatever should be paid by either themselves or C. L. Simpson as organizers and incorporators of the Walker Chemical Company, and none, in fact, was paid; and, further, the testimony of said Walker emphatically reiterates that such stock of the Walker Chemical Company as could be sold should be treasury stock, the proceeds of which to be used in the purchase of 'Single Stroke Antiseptic' from plaintiff; because the evidence further shows collusion between the said Bruckner and Walker to defraud defendant Cherry, in that there was an agreement between them that said Walker should secure said note for said purpose, said Bruckner at the time well knowing that Walker Chemical Company had no legal existence, and its said treasury stock, which was given to Cherry in exchange for said $1,000 note, was wholly without value, and that the charter of Walker Chemical Company had been obtained by fraud and a false affidavit; because, in pursuance of said prior agreement between Walker and Bruckner to turn over to plaintiff the proceeds of sales of treasury stock of the Walker Chemical Company as collateral security to the amount sued on, the note sued on was procured and so transferred."

Appellant contends that "the Walker Chemical Company is an illegal corporation, in that the incorporators, R. S. Walker, M. R. Bruckner, and C. L. Simpson, paid no constitutional consideration for their stock, same being a patent medicine formula; and said Walker Chemical Company is without legal existence, and is not such an artificial person as could assume or enforce the obligation of contract, such as the note here sued upon."

The Walker Chemical Company procured from the state of Texas a charter, which recites a capital stock of $50,000. The shares were $100 each. The incorporators were R. S. Walker, M. R. Bruckner, and C. L. Simpson. Walker's stock was 300 shares, for which he paid no money for same, but put in a formula for "Single Stroke Antiseptic," which the concern was chartered to manufacture, besides his time, cost of advertising, and 250 empty bottles; the value of time, advertising, and bottles not being shown. Bruckner owned 5 shares, for which he put in advertising and his services in helping to get it up, and so did Simpson for his 1 share. No other stock was sold, except 20 shares to G. P. Cherry, for which he executed the note sued on. Bruckner was the secretary and a director of the Walker Chemical Company, also general manager and a director of the First Texas Chemical Manufacturing Company.

Ordinarily, a charter issued by the state cannot be attacked collaterally for invalidity. The state alone has the power to forfeit a charter by direct proceedings for that purpose. Appellant insists that there are exceptions to this general rule, and this case comes within such exception. Whether or not this contention is correct, we do not deem it necessary to pass upon, for under our view of the evidence it is immaterial; for, in either event, Cherry's liability depends upon the First Texas Chemical Manufacturing Company being an innocent holder of the note.

[1] Bruckner being an office holder in both concerns does not of itself give the First Texas Chemical Manufacturing Company notice of the fraud practiced on Cherry by Walker in obtaining the note. What knowledge Bruckner had in relation to the invalidity of the note was obtained by him as secretary of the Walker Chemical Company, while in the transaction of business for that concern, and his act, as manager of the plaintiff company, in receiving the note as collateral security for an open account due plaintiff by the Walker Chemical Company was not sufficient to impute notice to the plaintiff of the vice in said note.

[2] Cherry having executed and delivered the note, and plaintiff coming into possession of the same without notice and for a valua-

ble consideration, he is liable thereon to plaintiff to the extent of the amount due it by the Walker Chemical Company, being less than the amount of the note. Cherry v. Chem. Mfg. Co., 123 S. W. 689.

The judgment is affirmed.