## SWIFT & HENRY LIVE STOCK COMMISSION CO. v. MOUNTS et al.   (No. 2691.)

Court of Civil Appeals of Texas. Amarillo. April 27, 1927.

Rehearing Denied June 8, 1927.

1. **Trial** ⊙=25(12)—**Permitting defendants to open and close held not error, in corporation's suit on note, where defendants admitted cause of action and pleaded coverture, insanity, and corporation's failure to obtain permit.**

In action against husband and wife on note, defenses pleaded of coverture, that husband was insane, and that holder was corporation not entitled to do business in state, *held* defenses in confession and avoidance, under which court could grant defendants right to open and close, where plaintiff's cause of action was admitted.

2. **Pleading** ⊙=127(2)—**Defenses of coverture, insanity, and plaintiff's want of permit held not abandoned by admission that corporation suing on note had good cause of action.**

In corporation's action on note, defenses of coverture, insanity, and corporation's failure to obtain permit to do business in state, *held* not abandoned by defendants' admission, for purpose of securing opening and conclusion of evidence and argument, that plaintiff had good cause of action.

3. **Pleading** ⊙=90—**Pleas of coverture, insanity, and plaintiff's want of permit held independent defenses in corporation's suit on note.**

In corporation's suit against husband and wife on note, pleas of coverture, husband's insanity, and plaintiff's failure to obtain permit *held* independent defenses.

⊙=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Trial ⬤25(7)—Defendants' admission of plaintiff's cause of action, made to secure right to · open and close, does not include matters of defense.**

Admission that plaintiff has good cause of action, made for purpose of securing to defendants right to open and close evidence and argument, includes only matters which plaintiff must have proved to sustain its case, and does not include matters required to be pleaded and proved as defenses.

**5. Corporations ⬤672(7)—Defense that corporate plaintiff failed to obtain permit to do business must be pleaded and proved.**

In suit by corporation, failure of corporation to obtain permit to do business in state, relied on as defense, must be expressly pleaded and proved.

**6. Pleading ⬤130—Plea that corporate plaintiff failed to obtain permit to do business in state is in "confession and avoidance."**

Plea of defendants, sued by corporation, that corporation failed to obtain permit to do business in state, is plea in "confession and avoidance" of plaintiff's cause of action.

[Ed. Note.—For other definitions, see Words and Phrases, Confession and Avoidance.]

Error from District Court, Deaf Smith County; Reese Tatum, Judge.

Suit by the Swift & Henry Live Stock Commission Company against Nannie L. Mounts, individually and as administratrix of the last will and testament of R. N. Mounts, deceased, and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Umphres, Mood & Clayton, of Amarillo, for plaintiff in error.

Carl Gilliland, of Hereford, for defendants in error.

RANDOLPH, J. This suit was filed by Swift & Henry Live Stock Commission Company against Mrs. Nannie L. Mounts, individually, and as executrix of the last will and testament of R. N. Mounts, deceased, and Sena May Mounts, Jack Mounts, Mattie Mounts, Elcina Williams, and her husband, J. H. Williams. The parties will be styled as in the trial court.

Plaintiff alleges in its petition that Nannie L. Mounts and R. N. Mounts, her deceased husband, made, executed and delivered to plaintiff, one certain promissory note in the principal sum of $2,532.54, dated November 15, 1919, payable May 15, 1920, to the order of plaintiff, with interest at 7 per cent. per annum. It was further alleged that R. N. Mounts had died, leaving a will, devising his property to the defendants; that the note was presented as a claim to the executrix of said Mounts' estate, by whom it was rejected. Defendants by special answer interposed the following defenses to plaintiff's cause of action, stated in its petition: First. That plaintiff could not maintain its suit because it was a foreign corporation doing business in Texas, without obtaining a permit so to do. Second. That, at the time the note sued on was executed and delivered to the plaintiff, the defendant Nannie L. Mounts was a married woman, the wife of R. N. Mounts. Third. That at the time of the execution of said note by R. N. Mounts and Nannie L. Mounts, the said R. N. Mounts was not mentally capacitated to enter into and make a contract, but was an insane person.

Preceding the trial of the case, the defendants filed the following motion:

"Now come the defendants and admit that the plaintiff has a good cause of action as set forth in plaintiff's petition, except so far as it may· be defeated in whole or in part by the facts of defendants' answer constituting a good defense, which may be established in the trial, and defendants now here move the court to grant the defendants the right to open and conclude the testimony and the argument here-in."

This motion was granted by the trial court, and the defendants were granted the right to open and conclude the testimony and the argument. The plaintiff objected to this action of the court, upon the ground that the burden of proof of the whole case under the pleadings rested upon the plaintiff. In season, the plaintiff also presented its special instruction No. 1, instructing the jury peremptorily to return a verdict for the plaintiff, which instruction was by the trial court refused.

On the trial of the case, it was submitted to a jury upon special issues, and in answer thereto the jury found that, at the time and date he signed the note sued on, R. N. Mounts was insane, and that, at the time he signed the three notes dated March 22, 1919, he was insane. On this verdict the court rendered judgment for the defendants.

The questions presented by plaintiff on this appeal are substantially:

[1] (1) That the defendant, having admitted in writing that the plaintiff had· a good cause of action as set forth· in its petition, except so far as it may be defeated in whole or in part by the facts of defendants' answer constituting a good defense, it was error in the court to allow the defendant the right to open and conclude the evidence and argument. In order to entitle the defendants the right granted them, they must have pleaded by way of confession and avoidance to plaintiff's cause of action; and

(2) The matters and defense pleaded by defendants could not be in confession and avoidance of plaintiff's cause of action, which had been admitted; in other words, that the defendants by their confession admitted the debt evidenced by the note, the capacity of

the parties signing it, for the reason that such defenses entered into and were a part of the cause of action sued on.

Plaintiff's further contention is that the pleas of coverture, insanity, and the failure of plaintiff to secure a permit to do business in Texas, all relate to the original status of the debt, and that, "unless some fact is pleaded to show that, although plaintiff once had a cause of action, something has occurred to settle it, the trial court should have rendered judgment for the plaintiff on defendants' admission."

As we understand this last contention, the plaintiff's view of the matter is that only such matters and things which have arisen subsequent to the origination of the cause of action, pleaded in the petition, can be urged under the plea of confession and avoidance, where the defendant has admitted that plaintiff had a good cause of action as pleaded.

Judge Townes, in his work on Pleadings (2d Ed.) p. 515, distinguishes dilatory pleas from pleas in bar in this, that dilatory pleas embrace all those defenses which only delay or defeat the present suit or action, leaving the cause of action unsettled, so that it may be litigated at some later time. Pleas in bar present matters which not only settle the particular suit in which they are interposed, but go further and settle finally the cause or causes of action involved in the suit, and cut off all litigation regarding any subsequent suit between the same parties. He also, on pages 539 and 540, names, among other pleas in bar, pleas in confession and avoidance, and that such pleas are based upon the idea that the whole, or some particular portion of the plaintiff's allegations are true, but, on account of some other facts, no liability really rests upon the defendant by reason thereof. In discussing the effect of such plea, he says:

"Such a pleading is not a joinder of issue, but sets up new matter, upon which issue may be joined by the other side. It is immaterial what the particular nature of the matter may be, for every defense, which in legal effect, admits that the plaintiff once had a prima facie case, and which seeks to avoid or destroy such prima facie case by independent facts, transpiring prior to, concurrently with, or subsequently to, the facts constituting the plaintiff's cause of action, must be presented to the court in this way, or no testimony can properly be heard or considered in its support."

Judge Townes also lists, among pleas in bar, pleas in confession and avoidance, and cites incapacity of parties as an instance thereof.    Page 542.    See, also, Tinnin v. Weatherford, Dallam Dig. page 591 to 592.

[2-4] The defendants having expressly pleaded, in confession and avoidance of plaintiff's cause of action, that Mrs. Mounts, at the time of the execution of the note sued on, was a married woman, expressly pleading insanity of Mr. Mounts, and the failure of

the plaintiff to obtain a permit to do business in Texas, these purely independent defenses were not abandoned by the defendants when they entered their admission for the purpose of securing the opening and conclusion of the introduction of the evidence and the argument of the case. The admission only covers such matters which the plaintiff must have proved to sustain its cause of action, and does not include matters which the defendant is required to plead and prove as defenses.

In the case of Smith v. Traders' National Bank, 74 Tex. 541–544; 12 S. W. 221; Judge Gaines, speaking for the Supreme Court, says:

"It is a general rule of the common law that a party who has the affirmative of the issue has the right to open and conclude. The admission in this case is in the language of rule 31 of Rules of Practice for the District Courts. The manifest purpose of this rule was to secure to a defendant the right to open and conclude when upon the real issues in the case the burden of proof rests upon him; that is to say, when his defense is in the nature of a confession and avoidance of the plaintiff's action, he is permitted to admit the prima facie case of the plaintiff although it is denied by his pleadings, and to open the case by introducing evidence to establish the affirmative defense he has set up. The rule is intended to secure a valuable right and is just, and it should have a reasonable and practicable application. To construe it so as to accomplish in a reasonable and practical manner its object, an admission made in the very language of the rule must be construed to mean that the defendant admits every fact alleged in the petition which it is necessary for the plaintiff to establish in the first instance to enable him to recover, but does not admit allegations in the petition which merely deny new matter alleged in the answer, the burden of the proof of which is upon the defendant. Any other construction would enable the plaintiff to deny the defendant the right to open and conclude upon his affirmative defense by simply amending the petition, as was done in this case, and alleging the contrary of the defenses set up in the answer.

"The answer in this case set up a defense in confession and avoidance of the action. 1 Chitty's Pleading, p. 515. The plaintiff was not bound to allege in its petition that it became the holder of the note for a valuable consideration without notice. It was incumbent upon the defendant in order to make his defense to show the contrary. He was bound to allege and prove the want of consideration and that the plaintiff had notice when it became the holder of the note. In admitting the plaintiff's cause of action, 'except in so far as it might be defeated by the facts of the answer,' etc., he does not purport to admit the allegations of the petition, but merely to admit that the plaintiff has a prima facie case, and expressly declines to admit any fact inconsistent with the new matter alleged in his answer."

See, also, Dashiel v. Lott (Tex. Com. App.) 243 S. W. 1072, 1073; Smith v. Frost (Tex. Com. App.) 254 S. W. 926, 927; Mason v. Pe-

terson (Tex Com. App.) 250 S. W. 142, 144, and authorities therein cited.

[5, 6] It was incumbent on the defendants, relying as they were on the failure of the plaintiff to obtain a permit to do business in Texas, as a defense, to expressly plead and prove such failure so to do. McCaskey Register Co. v. Mann (Tex. Civ. App.) 273 S. W. 1113; Barcus v. J. I. Case Threshing Machine Co. (Tex. Civ. App.) 197 S. W. 478, 479. This being the rule, it was required that they plead and prove the plaintiff's failure to obtain such permit, and their pleading of that fact was clearly in confession and avoidance of plaintiff's cause of action.

Finding no reversible error, we affirm the judgment of the trial court.