## CENTRAL NAT. BANK OF WACO v. LAWSON. (No. 667.)

Court of Civil Appeals of Texas. Waco.
May 10, 1928.

Rehearing Denied June 21, 1928.

1. Evidence ⊛⇒419(15), 423(6)—Parol evidence held admissible to show real consideration for note, and that note was given for accommodation, where innocent purchaser not involved.

In suit on note in which no question of innocent purchaser was involved, oral testimony *held* admissible for purpose of showing real consideration for the note, and to show that it was given for accommodation.

2. Trial ⊛⇒25(7)—Defendant's admission of cause of action on note for purpose of obtaining right to open and close did not preclude defense that note was for accommodation only (Rule 31 of District Courts).

In suit on note, defendant's admission of plaintiff's cause of action under Rule 31 of District Courts, in order to obtain opening and closing in trial of case, did not prevent establishment of defense that note was given for accommodation without any consideration, and was therefore unenforceable.

3. Bills and notes ⊛⇒537(3)—Whether note sued on by bank was given for accommodation to satisfy bank examiner held question for jury (Rev. St. 1925, art. 5933, § 29, and art. 5936, § 64, subd. 3).

In bank's suit on note, in which defense was that note was given under agreement with president of bank for accommodation to satisfy bank examiner, issue of want of consideration *held* for jury; accommodation signer being one who receives nothing for note under Rev. St. 1925, art. 5933, § 29, and who is not liable to pay payee under article 5936, § 64, subd. 3.

4. Banks and banking ⊛⇒116(2)—Notice to bank president of accommodation character of note accepted to satisfy examiner concerning loan to corporation of which president was stockholder and nominal treasurer held notice to bank.

Fact that president of bank taking accommodation note to satisfy bank examiners con-

cerning loan to corporation was stockholder and nominal treasurer of corporation did not prevent notice to president of character of note from constituting notice to bank, where there was nothing to show that the transaction was adverse to the bank's interest, and the note of the other corporation was good.

**5. Banks and banking ⊜➡116(1)—Notice to president may constitute notice to bank, though president is officer in another corporation which deals with bank.**

Where president of bank is officer in another corporation, and the two corporations deal with each other, it does not follow, as a matter of law, that notice to president is not notice to bank.

**6. Bills and notes ⊜➡49—Where note was given bank with understanding that maker merely loaned name to satisfy bank examiner, bank could not recover thereon (Rev. St. 1925, art. 5933, § 29, and art. 5936, § 64, subd. 3).**

Where bank, through its president, agreed with defendant, at time he signed note, that he would not be called on to pay it, and that transaction simply constituted loan of his name to relieve bank from criticism by bank examiner, note was an accommodation note, on which bank as payee was not entitled to recover, under Rev. St. 1925, art. 5933, § 29, and art. 5936, § 64, subd. 3.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Suit by the Central National Bank of Waco against W. D. Lawson. Judgment for defendant, and plaintiff appeals. Affirmed.

Spell, Naman & Penland, of Waco, and Harry R. Jones, of Houston, for appellant.

Tirey & Tirey and Bryan & Maxwell, all of Waco, for appellee.

BARCUS, J. On March 11, 1925, appellant instituted this suit against appellee to recover judgment on a $16,000 note which appellee executed and delivered to appellant on November 13, 1920, payable four months after date. Appellee admitted the execution of the note, but claimed that he was not liable because it was an accommodation note executed to appellant bank without any consideration. In order to obtain the opening and closing in the trial of the case, appellee, under Rule 31 for District Courts, admitted appellant's cause of action, except in so far as he might defeat same in whole or in part by the facts set up in his answer. The cause was tried to a jury and submitted on the following special issue:

"At the time the defendant Lawson signed the note sued upon, did the plaintiff bank, through its president, W. H. McCullough, agree with the said Lawson that he, the said Lawson, would never be called upon to pay the same, or any part thereof nor any interest thereon, and that the said Lawson was simply lending his name to the bank in that manner for the purpose of relieving the plaintiff bank from criticisms, if any, being made by the bank examiners?"

To which the jury answered: "Yes." The trial court entered judgment refusing appellant a recovery. There was no other special issue requested, and no complaint or criticism is made in this court of the manner and form of the issue as submitted.

[1] Appellant contends that, by reason of appellee having admitted its cause of action, it was entitled to a peremptory instruction on the theory that appellee had made a written contract to pay the $16,000, and could not by oral testimony vary the terms thereof. We overrule this contention. It seems to be a well-settled principle of law that, unless the question of innocent purchaser is involved, oral testimony is admissible for the purpose of showing the real consideration for a note and to show that a promissory note was only an accommodation note, given without any consideration. Central Bank & Trust Co. v. Ford (Tex. Civ. App.) 152 S. W. 700 (error refused); Branch v. Howard, 4 Tex. Civ. App. 271, 23 S. W. 478; Waters v. Byers Bros. & Co. (Tex. Civ. App.) 233 S. W. 572.

[2] Appellant contends that, by reason of appellee having, under Rule 31, admitted its cause of action, he could not establish any fact as against the written promise to pay which would defeat its recovery. We overrule this contention. Appellee simply admitted all the facts necessary for appellant to have proved in order to entitle it to a judgment, namely, that he had executed the note in controversy, his alleged defense being that it was an accommodation note, given without any consideration, and therefore unenforceable against him by appellant. Smith v. Traders' Nat. Bank, 74 Tex. 541, 12 S. W. 221; Swift & Henry Livestock Commission Co. v. Mounts (Tex. Civ. App.) 295 S. W. 932 (error refused).

[3] Appellant contends that there was no evidence authorizing the trial court to submit any issue to the jury. We overrule this contention. It was shown without dispute that the Arrow Refining Company, a corporation, owed the appellant bank a note for $16,000, which was past due. W. H. McCullough, president of appellant bank, and appellee Lawson each owned stock in the Arrow Refining Company. The national bank examiner was insisting upon appellant bank getting rid of the $16,000 note of the Arrow Refining Company, together with all its oil company notes, and was demanding that same be collected or charged off of the books, regardless of the security the bank might have therefor; the examiner taking the arbitrary position that a national bank should not hold that class and character of paper. The president of the bank, as well as the directors thereof, thought the Arrow Refining Com-

pany note was perfectly good. The president of the bank, being the only witness who testified with reference thereto, stated that, at the time the bank examiner required them to collect this note or charge same off, he thought the Arrow Refining Company was worth $250,000 to $300,000 above its. liabilities. Appellee testified that Mr. McCullough, the president, and he were good friends, and that he had absolute confidence in Mr. McCullough; that Mr. McCullough told him the bank examiner was there and had required the bank to charge off the $16,000 note of the Arrow Refining Company; that "Mr. McCullough said he was president of the bank, and could not give his note therefor, and he asked me to lend my name to a note for a few days. Mr. McCullough asked me to sign the note for $16,000 as an accommodation to the bank, and told me that I would not be called on to pay the note, and would not assume any liability thereby, and that it would be an accommodation to the bank; that the bank would collect the money from the Arrow Refining Company in a few days and apply same on the note."

Mr. Lawson testified he did not receive anything for signing the note, and that the Arrow Refining Company note payable to the bank for $16,000, which was secured by a number of collateral notes, was not delivered to him, and that he did not receive anything of any kind, class, or character from the bank at the time he executed and delivered the note to the bank; but that he signed same simply as an accommodation to the bank. Mr. McCullough's testimony differed materially from that of Mr. Lawson. This, however, simply raised an issue of fact for the jury's determination. Under Mr. Lawson's testimony, which the jury had a right to believe, he was simply an accommodation signer of the note in controversy, and same was delivered to, and accepted by, the president of the bank with full knowledge thereof, and without any consideration being paid to him therefor. An accommodation signer of a note is one who receives nothing therefor, section 29, art. 5933, Revised Statutes, and he is not liable to the payee in the note, subdivision 3, § 64, art. 5936; King v. Wise (Tex. Com. App.) 282 S. W. 570; Central Bank & Trust Co. v. Ford (Tex. Civ. App.) 152 S. W. 700.

[4, 5] Appellant contends that notice to W. H. McCullough as president of the bank was not notice to the bank, because Mr. McCullough was interested in the Arrow Refining Company, and the transaction was one in which McCullough's personal interests were adverse to those of the bank. We overrule this contention. The record shows that Mr. McCullough was, and had been for a long time, the active president of appellant bank, and performing the duties required of him as such. He testified that he was a stockholder in the Arrow Refining Company, and was the treasurer thereof, but that he did not have any duties to perform as treasurer. There is nothing to show that the transaction in question was in any way adverse to the interests of the bank or the interests of the Arrow Refining Company. According to his testimony, the Arrow Refining Company note was perfectly good, and was a legitimate loan, but same had to be taken out because of the arbitrary ruling of the bank examiner. The Supreme Court, in Goldstein v. Union National Bank, 109 Tex. 555, 213 S. W. 584, under facts much weaker than those in this case, held that notice to Mr. Walker, the president of the bank, who was a joint signer of the note in controversy, was notice to the bank, and that the mere fact that the president of the bank might be indirectly interested in the matter would not destroy the notice to the bank of which he was president. Where a president of a bank is an officer in another corporation, and the two corporations deal with each other, it does not follow, as a matter of law, that notice to the president is not notice to the bank. City National Bank v. Merchants' & Planters' National Bank (Tex. Civ. App.) 105 S. W. 338; Cherry v. First Texas Chemical Mfg. Co. (Tex. Civ. App.) 144 S. W. 306 (error refused); Pemiscot County Bank v. Central State Nat. Bank, 132 Tenn. 152, 177 S. W. 77; 14A C. J. 125; 7 R. C. L. 444.

[6] The jury having found that the appellant bank, through its president, agreed with appellee, at the time he signed the note in controversy, that appellee would not be called on to pay same, or any part thereof, and that appellee was simply lending his name to appellant for the purpose of relieving appellant bank from criticism by the bank examiner, and said findings being supported by the evidence, there was no error in the trial court's rendering judgment denying appellant a recovery.

We have examined all of appellant's propositions, and same are overruled. The judgment of the trial court is affirmed.