## FIRST NAT. BANK OF BOWIE v. CHAND-LER et al.

### No. 12801.

Court of Civil Appeals of Texas. Fort Worth.

March 11, 1933.

Rehearing Denied April 8, 1933.

Homer B. Latham, of Bowie, for appellant.

Burch & Woodruff, of Decatur, T. R. Boone, of Wichita Falls, and J. M. Donald, of Bowie, for appellees.

DUNKLIN, Justice.

The First National Bank of Bowie instituted this suit to recover on a promissory note executed by I. L. Chandler, Paul Donald, and F. C. Green, payable to the First State Bank of Bowie and assigned to the plaintiff. From a judgment denying a recovery, the plaintiff has prosecuted this appeal.

■■ The defendants pleaded a failure of consideration by allegations that the First State Bank of Bowie, who was then the owner of a note in the sum of $4,500, executed by one Edward Stewart, was in financial straits, and was unable to collect the Stewart note, and the state banking examiner demanded that the Stewart note be charged off, and, in order to relieve that situation and to avoid a closing of the bank by reason of its financial embarrassment, and in order to satisfy the bank examiner, the defendants who were stockholders in the First State Bank executed the note in suit without any consideration passing to them therefor, and with the further agreement that the Stewart note would still be held by the First State Bank and collected, if possible, and the proceeds applied to the payment of the note in suit.

In answer to a special issue, the jury returned a finding sustaining that defense, and that finding had ample support in the evidence.

In the case of Central National Bank of Waco v. Lawson, 27 S.W.(2d) 125, by the Commission of Appeals, the defense of failure of consideration of a note executed under substantially the same facts and circumstances as in this case was sustained for lack of consideration, and that decision is of controlling effect here. And that defense was available as against the plaintiff who acquired the note after its due date and for the purpose of liquidating the assets of the First State Bank of Bowie, which had become insolvent.. Commercial State Bank v. Ellington (Tex. Com. App.) 24 S.W.(2d) 359.

Accordingly, the judgment of the trial court is affirmed without the necessity of discussing other assignments of error which become immaterial in view of the foregoing conclusions.

### On Motion for Rehearing.

The clerical error in our original opinion in the statement that the defendants were stockholders in the First National Bank has been corrected so as to substitute the First State Bank of Bowie in place of First National Bank of Bowie.

The evidence shows that the Stewart note mentioned in the original opinion was never canceled or surrendered, but was retained among the assets of the First State Bank after the execution of the original note executed by the defendants and which is represented by the note in suit as a renewal thereof, and later was reduced to judgment against the Security State Bank of Fort Worth in a suit instituted thereon by the stockholders of the Bank of Shannon for its benefit, and thereafter was transferred and assigned to the First State Bank of Bowie; and dividends were paid thereon to the First State Bank of Bowie in liquidation proceedings against the Security State Bank of Fort Worth. Hence there was no reversible error in the refusal of the court to submit plaintiff's requested issues, i. e., whether defendants were partners in the Shannon Bank on February 19, 1931, and whether the note which was lost bore the indorsement of the Shannon Bank at the time it was taken into the assets of the First State Bank of Bowie; on the theory that, if the Stewart note was indorsed by the Shannon Bank and the defendants were partners therein, the indorsement would import personal liability of the partners which was discharged by the acceptance of the defendants' note, which the jury found was executed as an accommodation note only. Furthermore, there was no evidence tending to show that there was any agreement between the bank examiner and the defendants that any liability of the defendants for the Stewart note growing out of their partnership relations with the bank at Shannon would be in any manner affected by the giving of their note, claimed by the defendants as an accommodation only.

In Missouri, K. & T. Ry. v. Smith, 98 Tex. 47, 81 S. W. 22, 25, 66 L. R. A. 741, 107 Am. St. Rep. 607, 4 Ann. Cas. 644, the following is quoted with approval from Fire Insurance Ass'n v. Wickham, 141 U. S. 579 [12 S. Ct. 84, 35 L. Ed. 860]: "Nothing is a consideration that is not regarded as such by both parties. To constitute a valid agreement, there must be a meeting of minds upon every feature and element of such agreement, of which the consideration is one."

The decision of the Commission of Appeals in Shaw v. McShane, 50 S.W.(2d) 278, which is earnestly stressed by appellants as controlling this case in their favor, is clearly distinguishable from the facts of this case. In that case it appeared that the bank advanced money to take up a first lien on a farm on which it held a second lien. The loan was in fact made to the owner of the farm who executed his note for the sum so advanced, which was in excess of the amount which the bank was permitted to lend him; and, in order to conceal the fact that the bank had exceeded the credit allowable to the landowner, the note in suit was executed and placed among the assets of the bank. It is manifest, therefore, that the additional sum so advanced and paid out by the bank to the landowner was a valuable consideration which supported the note in that suit.

If the First State Bank of Bowie had instituted this suit on the note in controversy, clearly the finding of the jury that it was executed as an accommodation note only would have been a complete defense under the decision of Central National Bank of Waco v. Lawson, 27 S.W.(2d) 125, by the Commission of Appeals; and, as said in our original opinion, that defense was equally available against the plaintiff who acquired the note after its due date and for the purpose of liquidating the assets of the First State Bank of Bowie, which had become insolvent. See, also, Goodwin v. Abilene State Bank (Tex. Civ. App.) 20 S.W.(2d) 1090; Commercial State Bank v. Ellington (Tex. Com. App.) 24 S.W.(2d) 359.

The motion for rehearing is overruled.