### GOSDIN v. MONTGOMERY.

No. 1684.

Court of Civil Appeals of Texas. Waco.
March 12, 1936.

Rehearing Denied April 9, 1936.

464

B. Jay Jackson, of Glen Rose, for appellant.

Word & Word and J. L. Bird, all of Meridian, for appellee.

### GALLAGHER, Chief Justice.

A brief statement of the facts out of which this suit arose will aid in a ready understanding of the issues involved. Appellee, Montgomery, on or about the year 1926, did business with a bank at Walnut Springs, the name of which he did not remember. In the month of October, 1926, he discovered that said bank held a note against him which he had not signed. He immediately had a conversation with one or more of the managing officers of the bank, in which they said to him that the bank examiner was coming and they had put this note in the files to save the bank, and that after the first of the next year they would destroy it. That bank failed in 1927 and was afterward reorganized and resumed business under the name of the State Bank of Walnut Springs. Appellee's note had not then been destroyed as promised. An officer of the reorganized bank requested appellee to let his note remain in its files as an apparent asset, with the assurance that no effort would ever be made to collect the same. Appellee then signed a new note in lieu of the former one which he had not signed. Subsequently renewal notes were substituted for the note then signed by appellee, but with the same mutual understanding that they were signed and delivered purely for the accommodation of the bank and that payment thereof would never be demanded. Just how many renewals were made does not appear, but the notes involved in this suit were such renewals. Said notes were both dated October 1, 1930, one, for the sum of $277.80, was due August 1, 1931, and the other, for $243.-10, was due October 1, 1931. Both of the same were executed by appellee and made payable to the State Bank of Walnut Springs, Tex. Said bank closed in January, 1931, and its assets were liquidated by agents of the state department of banking. All the assets of such bank remaining uncollected on April 3, 1933, including the notes sued on herein, were on that date sold to appellant. Shortly thereafter he filed this suit.

Appellee filed a verified answer, in which he alleged the circumstances preceding and attending the execution and delivery of the notes sued on, and charged that such execution and delivery were wholly without consideration.

The case was submitted on special issues, in response to which the jury found, in substance, that (a) at the time appellee executed the renewal notes sued on the bank to which they were made payable, through one of its managing officers, agreed that he should never be called upon to pay the same and that he was simply lending his name to it in that manner to prevent criticism by the bank examiner; and (b) appellee did not receive anything of value to him at the time he executed said notes. The court rendered judgment on such findings that appellant take nothing by his suit.

### Opinion.

Appellant assails the finding of the jury that appellee did not receive anything of value to him at the time he executed the notes sued on in this case, on the ground that such finding is without sufficient support in the evidence. Such issue was submitted at the request of appellant and in the form presented by him. Appellee insists that appellant cannot complain of the finding of the jury thereon because he requested the submission of the same. The Legislature, at its regular session in 1931, amended article 2190 of our Revised Statutes by making the last sentence thereof read as follows: "A claim that the evidence was insufficient to warrant the submission of an issue may be complained of for the first time after verdict, regardless of whether the submission of such issue was requested by the complaining party." Acts 42d Leg. p. 120, c. 78, § 1 (Vernon's Ann.Civ. St. art. 2190). Appellant complained of the insufficiency of the evidence to support said finding in his motion for new trial. Appellant relies on the testimony of appellee alone to support his contention. Appellee testified that, at the time he discovered that the original bank held a forged

note against him, he was actuated, in consenting that it might be retained by the bank as an apparent asset, by the fact that the officers of the bank making such request had befriended him on prior occasions and by their assurance, upon which he relied, that the note would subsequently be destroyed and that he would never be called upon to pay the same. He further testified that all subsequent renewals by him were made under similar circumstances and upon a like reliance. He also testified that both he and the community generally would be benefited by having a bank in Walnut Springs. The notes under consideration were not intended by either of the parties thereto to constitute an actual obligation in any amount. The express stipulation in each instance of renewal was that the same would ultimately be destroyed and that appellee would never be called upon to pay anything thereon.

Appellant occupies no better position than the bank to which said notes were executed and delivered. He purchased the same more than a year after their maturity, and accepted them without even the formality of an indorsement from the bank or any one lawfully authorized to liquidate its assets. See Rev.St. art. 5934. Clearly, the bank could not have recovered judgment on the renewal notes involved in this case even if it had survived the financial stress in its affairs existing at the time it acquired them. Appellant's contention that the benefit resulting to appellee and other members of the community generally by the continued operation of said bank constituted a valid consideration rendering the notes enforceable .is apparently based on the theory on which voluntary subscriptions for public purposes and enterprises are sustained. 39 Tex.Jur. 807 et seq. Such subscriptions, however, to be enforceable, must contemplate the actual payment of the sum promised upon compliance with the terms upon which the same were made. Neither of the parties in this case, under the testimony introduced, contemplated such payment. The finding of the jury so assailed by appellant has support in the evidence, and his contention is overruled. Central Nat. Bank v. Lawson (Tex.Com. App.) 27 S.W.(2d) 125, 127, par. 2, and authorities there cited; McKeever v. Brooks-Davis Chevrolet Co. (Tex.Civ.App.) 74 S.W.(2d) 311, 312, par. 1, and authorities there cited.

We have carefully considered all of appellant's other assignments .of error and have reached the conclusion that none of them justify reversal of the judgment of the trial court, and it is accordingly affirmed.