Robert HANEY, Appellant,

v.

Roy W. LOGAN, Appellee.

No. 4414.

Court of Civil Appeals of Texas.

Waco.

Sept. 2, 1965.

Rehearing Denied Sept. 23, 1965.

Travis Smith, Bill Prewett, Corpus Christi, for appellant.

Trimble & Dobbs, Corpus Christi, for appellee.

TIREY, Justice.

Plaintiff brought action on a note described as follows:

"$5,000.00      No. _____      June 24, 1963

——————————————————————, after date, for value received, I, Roy W. Logan, promise to pay to the order of Robert Haney, Five Thousand ($5,000.00) Dollars at Corpus Christi, Texas with 6 per cent interest per annum from June 24, 1963 until paid. All past due principal and interest shall bear interest at the rate of 6 per cent per annum until paid. In the event default is made in the payment of this note at the maturity and, it is place in the hands of an attorney for collection, or suit is brought on the same, or same is collected through Probate or Bankruptcy proceedings then ___agree that an additional amount of ten per cent on the principal and interest of this note shall be added to the same as collection fees.

"Due __June 24, 1964__         Secured only by note
                                 made to Roy W. Logan by
Address 362 Meldo Park       P.A.S. of the same date
Corpus Christi, Texas__       (Sig.) Roy W. Logan    "

The cause was tried without the aid of a jury and the Court entered judgment that plaintiff take nothing, and he perfected his appeal to the Corpus Christi Court and the cause is here on transfer.

Plaintiff requested the Court to make Findings of Fact and Conclusions of Law. In response, the Court filed extensive Findings of Fact and Conclusions of Law. The 14th Finding is as follows:

"There was no consideration to Defendant for the execution and delivery by him of the instrument dated June 24, 1963, which is made the basis of Plaintiff's claim."

 Since we are of the view that the evidence is ample to sustain this Finding of the Court, it is not necessary to consider any of the other Findings.[1]

Section 28 of Art. 5933 V.A.T.S. provides:

"Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise."

Since the record is without dispute that plaintiff is not a holder for value in due course, and since the evidence is ample to sustain the finding of the trial court that there was no consideration for the execution of the instrument sued upon, there is no liability on the part of defendant to plaintiff, and further discussion of this question would be of no avail.

It is true that the burden of proving failure of consideration is upon the pleader, and it is our view that the pleader has carried this burden. See Winters, Petition-

er v. Langdeau, Receiver of State National Life Ins. Co., 360 S.W.2d 515, Sup.Ct., pt. 1. See also Central National Bank of Waco v. Lawson, Tex.Civ.App., 7 S.W.2d 915, 27 S.W.2d 125, opinion by Commission of Appeals.

Therefore, all the points raised by appellant are overruled, and the judgment of the trial court is affirmed.

Tex. 154, 317 S.W.2d 47. It follows that all of appellant's points attacking the Court's failure to enter summary judgment in his behalf are without any merit whatsoever.

---

1. Perhaps we should state that no appeal or right of review exists for one whose motion for summary judgment is denied. See Archer v. Skelly Oil Co., Tex.Civ. App., 314 S.W.2d 655, er. ref. See 159